# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
Office of Open Records,    :
            Petitioner    :
                        :   No. 370 M.D. 2016
          v.             :   Heard: August 4, 2016
                        :
Pennsylvania State Police,    :
            Respondent    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge

**OPINION BY**
**JUDGE SIMPSON**                **FILED: August 8, 2016**

Before me is the Office of Open Records' (OOR) Petition to Enforce Order Directing Production of Records for *In Camera* Review (Petition) pertaining to three orders directing the Pennsylvania State Police (PSP) to produce certain records, including "dash-cams," to OOR for *in camera* review (*In Camera* Orders) in three separate appeals filed pursuant to the Right-to-Know Law (RTKL).[1] PSP opposes the Petition, arguing that the Criminal History Record Information Act, 18 Pa. C.S. §§9102-9106, (CHRIA) prohibits it from releasing the records to OOR, which is not a criminal justice agency. Based on the parties' submissions and argument during hearing, the Petition is granted in part and held in abeyance in part.

## I. Background

OOR issued the *In Camera* Orders in three separate appeals: <u>Collazo v. PSP</u>, OOR Dkt. AP 2016-0320; <u>Hamill (WNEP-TV) v. PSP</u>, OOR Dkt. AP 2016-0349; and, <u>Blanchard (York Daily Record) v. PSP</u>, OOR Dkt. AP 2016-0858.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

Each of the underlying requests sought video(s) related to alleged criminal activity. As the agency party in all three appeals, PSP claimed the records requested were protected under CHRIA and as records related to a criminal investigation under Section 708(b)(16), 65 P.S. §67.708(b)(16). On appeal to OOR, PSP submitted affidavits in support of these exemptions. However, in each appeal, OOR directed PSP to produce the records for *in camera* review. PSP did not comply.

In its Petition, OOR alleges *in camera* review was necessary to develop the record. Relying on PSP v. Grove, 119 A.3d 1102 (Pa. Cmwlth. 2015), app. granted, (Pa., No. 25 MAP 2016), OOR argues the requested records were not investigative. OOR asks this Court to enforce the *In Camera* Orders.

In its Answer and New Matter, PSP asserts OOR is precluded from reviewing the records *in camera* because the records constitute "investigative information" barred from release under CHRIA. PSP also contends OOR lacks standing to enforce, and this Court lacks jurisdiction to review the *In Camera* Orders. In addition, PSP challenges whether *in camera* review is warranted in these cases.

## II. Discussion

At the outset, the Court recognizes OOR may file a petition asking this Court to enforce an order directing production of responsive records for its *in camera* review. See Office of Open Records v. Center Twp., 95 A.3d 354 (Pa. Cmwlth. 2014) (en banc) (enforcing OOR's petition to enforce an order directing production of records for *in camera* review; requiring the agency to produce records to OOR for *in camera* inspection within 30 days). In Center Township,

2

this Court reasoned OOR, as the initial fact-finder, is in the best position to determine what type of evidence is necessary to develop an adequate record for disposition of an access dispute. See Twp. of Worchester v. Office of Open Records, 129 A.3d 44 (Pa. Cmwlth. 2014) (confirming OOR's authority to develop the record through *in camera* review); see also Levy v. Senate of Pa., 94 A.3d 436, 442 (Pa. Cmwlth.), appeal denied, 106 A.3d 727 (Pa. 2014) ("[i]n the ordinary course of RTKL proceedings [receipt of evidence] will occur at the appeals officer stage and a reviewing court will defer to the findings of the appeals officer.").

This procedural mechanism, whereby OOR petitioned this Court to enforce an *in camera* review order, is precisely that which OOR employed in Center Township. Therefore, PSP's challenge to OOR's standing and authority to enlist this Court's enforcement powers at this stage is rejected. Id. Also following Center Township, this Court's jurisdiction is proper. Id.

Having recognized the *In Camera* Orders are within OOR's authority, I address PSP's substantive arguments pertaining to the records at issue here. Specifically, in Collazo, the requester sought a surveillance video PSP obtained from Mt. Airy Casino Resort for its investigation into a criminal trespass incident (Collazo Request). In both Hamill and Blanchard, the requesters (members of the media) requested dashboard camera footage, also known as "MVRs" (Mobile Video Recordings), and body camera footage PSP recorded in the usual course of business (Media Requests). PSP claims the responsive records are investigative information protected from release to non-criminal justice agencies under CHRIA.

3

As a threshold inquiry, this Court is called on to discern whether OOR is a criminal justice agency as defined by CHRIA, and based on that determination, whether enforcement of OOR's *In Camera* Orders is permitted or precluded.

Generally, CHRIA concerns collection, maintenance, dissemination, disclosure and receipt of criminal history record information. As a matter of law, CHRIA prohibits the PSP from disseminating "investigative information" to any persons or entities, other than to criminal justice agents and agencies. 18 Pa. C.S. §9106(c)(4). Specifically, Section 9106(c)(4) states:

> (4) Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

18 Pa. C.S. §9106(c)(4) (emphasis added). "Investigative information" is defined under CHRIA as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing ...." 18 Pa. C.S. §9102 (emphasis added).

Significantly, CHRIA defines "criminal justice agency" as:

> Any court, including the minor judiciary, with criminal jurisdiction or any other governmental agency, or subunit thereof, created by statute or by the State or Federal constitutions, specifically authorized to perform as its principal function the administration of criminal justice, and which allocates a substantial portion of its annual budget to such function. Criminal justice agencies include, but are not limited to: organized State and municipal police departments,

4

local detention facilities, county, regional and State correctional facilities, probation agencies, district or prosecuting attorneys, parole boards, pardon boards and such agencies or subunits thereof, as are declared by the Attorney General to be criminal justice agencies as determined by a review of applicable statutes and the State and Federal constitutions or both.

Id. (emphasis added); see Dep't of Auditor Gen. v. PSP, 844 A.2d 78 (Pa. Cmwlth. 2004) (construing definitions; Auditor General is not a criminal justice agency).

In its Petition, OOR did not cite any legal support for the proposition that it is a criminal justice agency. Instead, OOR relied heavily on this Court's reported decision in Grove,[2] which held records connected to a criminal proceeding are "not automatically exempt" as investigative records under CHRIA. Id. at 1108.

In Grove, PSP appealed an OOR final determination that ordered PSP to disclose MVRs to a requester. The MVRs recorded a two-vehicle accident. PSP argued the MVRs were protected under the criminal investigative exception, Section 708(b)(16) of the RTKL, and CHRIA. After accepting additional evidence from PSP, this Court assessed the type of records at issue, (MVRs) and the purpose of the video recordings. This Court recognized:

MVRs are created to document troopers' performance of their duties in responding to emergencies and in their interactions with members of the public, not merely or primarily to document, assemble or report on evidence of a crime or possible crime. … PSP uses MVRs to document the entire interaction and actions of the trooper, including actions which

_____

[2] This Court also addressed the investigative content of MVRs in PSP v. Grove (Pa. Cmwlth., No. 1646 C.D. 2014, filed September 28, 2015) (unreported).

5

> have no investigative content, such as directions to motorists in a traffic stop or at an accident scene, police pursuits, and prisoner transports.

Id. at 1108. Based on the type of record, this Court concluded "MVRs themselves are therefore not … investigative information, or records relating or resulting in a criminal investigation exempt from disclosure under … CHRIA." Id.

The Media Requests both specifically seek MVRs and recordings created by PSP attendant to performing its duties. As such, our decision in Grove governs whether the records requested are "investigative information." However, Grove does not govern whether the surveillance video recorded by Mt. Airy Casino Resort, and then obtained by PSP attendant to its investigation into a criminal trespass incident, constitutes investigative information under CHRIA. Therefore, the investigative nature of the surveillance video sought in the Collazo Request necessitates separate analysis.

According to OOR's submission, the Collazo Request included a copy of PSP's incident report regarding an offense of criminal trespass. See Exh. A to Petition. There is no dispute that the surveillance video responsive to the Collazo Request was recorded at Mt. Airy Casino, and PSP did not create the video or its contents attendant to performing its duties. See Exh. E to Petition. Further, there is no dispute PSP obtained the surveillance video as part of its investigation of an alleged crime, for which PSP completed an incident report. Id. As a result, the type of record responsive to the Collazo Request materially differs from the videos responsive to the Media Requests.

6

In Grove, this Court held recordings by PSP of the performance of its duties are not automatically exempt, even when they relate to or result in a criminal investigation. That holding does not apply to the Collazo Request. Unlike the MVRs, the surveillance video was recorded by a third party, and then obtained by PSP when it assembled material for its criminal investigation. The surveillance video only came into PSP's possession as part of its investigation of a crime.

Applying CHRIA's definition of "investigative information" to the Collazo Request, it is clear the surveillance video qualifies as a record "assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident …." 18 Pa. C.S. §9102. CHRIA precludes the release of "investigative information" to any entity other than a "criminal justice agency" or its agents attendant to its criminal justice purpose. 18 Pa. C.S. §9106(c)(4). Thus, PSP is statutorily prohibited from releasing the surveillance video to OOR unless OOR qualifies as a "criminal justice agency."

OOR's primary purpose is providing information and education, and issuing advisory opinions and final determinations under the RTKL. See Section 1310(a) of the RTKL, 65 P.S. §67.1310(a). Through its appeals officers, OOR is a quasi-adjudicatory agency that addresses access disputes. Center Twp. OOR does not function as an agency "authorized to perform as its principal function the administration of criminal justice …." 18 Pa. C.S. §9102. Because OOR does not qualify as a criminal justice agency under CHRIA, PSP is barred from releasing investigative information, including the surveillance video, to OOR for review. Thus, OOR's Petition is denied as to the Collazo Request.

7

As to the Media Requests, the investigative nature of the responsive records is governed, at least in part, by Grove. However, PSP appealed that case to our Supreme Court, which granted its petition for allowance. Argument on the merits is scheduled for September 14, 2016. During the hearing, PSP brought to the Court's attention that appeals of the merits of other access disputes involving MVRs or "dash-cams," are being stayed pending our Supreme Court's disposition of Grove.[3] The Media Requests also implicate access to MVRs, and the appeals before OOR challenge their investigative content. Moreover, during the hearing, OOR acknowledged our Supreme Court's disposition of Grove affects the Petition, and OOR indicated it would not object to a stay.

Therefore, in order to be consistent with our Court's practice of staying matters involving the investigative content of MVRs, the Petition and the *In Camera* Orders that pertain to the Media Requests are likewise stayed.

In short, the Petition as to the Collazo Request is denied because OOR is not a criminal justice agency, and PSP obtained the responsive record from a non-agency third party as part of an inquiry into a criminal offense that resulted in an incident report. OOR did not dispute that the surveillance video qualified as "investigative information," and it cited no authority supporting its non-investigative nature other than Grove. As Grove affects disposition of OOR's Petition as to the

---

[3] This Court issued stays of the briefing schedules in the following appeals where PSP challenged OOR final determinations ordering the release of MVRs: PSP v. Foley (Pa. Cmwlth., No. 2292 C.D. 2015); PSP v. Hays (Pa. Cmwlth., No. 2633 C.D. 2015); PSP v. Bham (Pa. Cmwlth., No. 2099 C.D. 2015); and, PSP v. Hochmiller (Pa. Cmwlth., No. 203 C.D. 2016).

8

Media Requests, I hold that part of the Petition in abeyance pending the Supreme Court's disposition of PSP's appeal.

### III. Conclusion

For the foregoing reasons, I deny OOR's Petition in part, as to the Collazo Request, and I hold in abeyance our disposition of the Petition in part, as to the Media Requests pending our Supreme Court's disposition of <u>PSP v. Grove</u> (Pa, No. 25 MAP 2016).[4]

_____

ROBERT SIMPSON, Judge

---

[4] This Court offers no opinion as to the merit of the asserted exemptions, including CHRIA, and whether the exemption(s) protect the records from ultimate disclosure to a requester under the RTKL. This decision should not be construed as limiting OOR's ability to conduct *in camera* review as necessary to develop the evidentiary record before it. Each petition to enforce shall be evaluated on its own merit, based on the undisputed facts, and the parties' submissions.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,            :
Office of Open Records,                  :
                      Petitioner          :
                                    :  No. 370 M.D. 2016
           v.                              :
                                      :
Pennsylvania State Police,               :
                    Respondent          :

# O R D E R

AND NOW, this 8th day of August, 2016, upon consideration of the Office of Open Records' (OOR) Petition to Enforce Order Directing Production of Records for *In Camera* Review (Petition), the answer and new matter filed by the Pennsylvania State Police (PSP), and argument during the hearing held on August 4, 2016, this Court hereby **ORDERS** as follows:

(1)    the Petition is **DENIED IN PART** as to the *in camera* review order OOR issued in the case currently pending before OOR, Collazo v. PSP, OOR Dkt. AP 2016-0320, and PSP shall not be required to produce records responsive to the Collazo request for OOR's *in camera* review;

(2)    the Petition is **HELD IN ABEYANCE IN PART** as to the *in camera* review orders OOR issued in Blanchard (York Daily Record) v. PSP, OOR Dkt. AP 2016-0858, and Hamill (WNEP-TV) v. PSP, OOR Dkt. AP 2016-0349, currently pending before OOR, pending the Supreme Court's disposition of PSP v. Grove (Pa., No. 25 MAP 2016);

(3)    **AND further, PSP SHALL FILE** a status report not later than 30 days following the Supreme Court's disposition of <u>PSP v. Grove</u> (Pa., No. 25 MAP 2016), or 120 days of the date of this order, whichever is earlier;

(4)    As to the matters held in abeyance, this Order is entered without prejudice to OOR to withdraw one or both of its enforcement requests and complete its consideration of the pending appeals on the existing records.

_____
ROBERT SIMPSON, Judge