# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben M. Collazo,           :
           Petitioner      :
                               :
         v.                     : No. 1728 C.D. 2016
                               : Submitted: April 7, 2017
Pennsylvania State Police,     :
           Respondent    :

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                                        **FILED: May 17, 2017**

Ruben M. Collazo (Petitioner), *pro se*, petitions for review of a determination of the Office of Open Records (OOR), which concluded that items requested by Petitioner did not exist in the possession, custody, or control of the Pennsylvania State Police (PSP), and further that specific surveillance footage requested by Petitioner relates to an ongoing criminal investigation.

On December 17, 2010, Petitioner was excluded from entering the Mt. Airy Casino. Subsequently, on November 29, 2013, he was charged with trespassing as a result of his violation of the exclusionary order. On June 20, 2014, Petitioner was seen entering the casino and was observed gaming at a slot machine. Petitioner was confronted by a Mt. Airy Casino security officer, and Petitioner refused to provide his name and further advised that he had no identification upon him. After being detained, Petitioner was positively identified by video surveillance and by the Pennsylvania vehicle registration GKJ3475, which is registered to Petitioner. He was subsequently arrested and charged with trespass.

Following this incident, Petitioner submitted a Right to Know Law[1] (RTKL) Request to the PSP seeking surveillance video footage and other records relating to what transpired at Mt. Airy Casino.  The request sought:

> 1. All video surveillance footage download[ed] to PSP-BGE Mt. Airy Folder
>
> 2. All documents relating to the identity of the "unidentified female" who identified the accused
>
> 3. All documents related to the identity of "Fluff" as highlighted in the attached document D

(OOR Determination at 1-2.)  PSP denied Petitioner's request and Petitioner appealed the denial to OOR.  OOR denied Petitioner's appeal and Petitioner petitioned this Court for review of OOR's final determination. [2]

In a rambling and argumentative brief, Petitioner alludes that his exclusion from the casino is a result of a vast conspiracy between Louis DeNaples; a potpourri of elected officials, both dead and alive; Lisa Ferguson, Deputy Open Records Officer; Corporal Sandra DeAndrea; as well as an unknown female identified as "Fluffy" or "Fluff."

In Petitioner's amended brief[3], he claims that "[w]hat we are dealing with here, is a pure case of malicious criminal prosecution on behalf of billionaire

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] Our scope of review under the RTKL is plenary and our standard of review is *de novo*; we may substitute our own findings of fact for that of the agency or rely upon the record created below. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] On February 2, 2017, Petitioner filed a motion seeking to amend pages (ii), (3), (4), and the signature page (9) of his brief.  This Court granted Petitioner's motion to amend by February 28, 2017 order.  Petitioner filed his amended brief on March 10, 2017, and on March 13, 2017 filed a

Louis DeNaples, pursuant to Pennsylvania Mafia Support Policy (PMSP), a policy codified in Pennsylvania Horse Race Development and Gaming Act. (Act 71)."[4] (Petitioner's Amended Brief at 7.)

This accusatory theme continues in the final paragraph of a pleading entitled, "Petitioner's Answer to Respondent Brief Dated February 24, 2017," which states:

> Al Capone must be turning over in his grave. Alphonse might say that running a "speakeasy" in Pennsylvania today is a piece of cake. All I need to do is hand over a $50 million check to the Pennsylvania Gaming Control Board and I'll be back in business in no time. It's no longer called the "protection racket." I get to pay off State Police, Gaming Regulators, Office of Attorney General, State Liquor agents all above board, and in turn they protect my joint. I also pay off my senior partner the Commonwealth of Pennsylvania who gets 54% of slots and 14% of tables, and like Louis Denaples I will be a highly respected local businessman. Like I always said: "Some call it bootlegging. Some call it racketeering. I call it a business!"

(Petitioner's Answer to Respondent Brief at 6.)

---

second motion to amend seeking to have the "addendum" filed with his amended brief made part of the record. By March 20, 2017 order this Court permitted PSP to file a motion to strike or a supplemental brief addressing the "addendum" to Petitioner's amended brief. On March 29, 2017, PSP filed a motion to strike Petitioner's "addendum" because, *inter alia*, the "addendum" exceeded the scope of this Court's order granting Petitioner's motion to amend and the "addendum" contained irrelevant and impertinent matter. Having reviewed PSP's motion to strike and Petitioner's answer thereto, we grant the motion to strike the "addendum" to Petitioner's amended brief for exceeding the scope of this Court's order permitting Petitioner to file an amended brief.

[4] Petitioner is referring to the Act of July 5, 2004, P.L. 572, 4 Pa. C.S. §§ 1101-1904, the Pennsylvania Race Horse Development and Gaming Act, commonly known as the "Gaming Act."

In his amended brief, Petitioner presents 18 issues, none of which were preserved in the record below. As to Petitioner's RTKL Request, this Court concludes that OOR properly determined all video surveillance footage downloaded to the PSP-BGE Mt. Airy folder relates to an ongoing criminal investigation. *See* Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16). Although the surveillance video was originally obtained from the Mt. Airy Casino, it was assembled as a part of a criminal investigation and, therefore, contains investigative material related to a criminal investigation. *See Office of Open Records v. Pennsylvania State Police*, 146 A.3d 814, 818 (Pa. Cmwlth. 2016).

Further, OOR correctly determined that records responsive to items 2 and 3 of Petitioner's request did not exist within PSP's possession, custody, or control. *See* Section 901 of the RTKL, 65 P.S. § 67.901. Petitioner was provided with the verification of Ms. Lisa Ferguson, made under penalty of perjury, which stated that the PSP did not have in its possession the identification of any specific identifiers of the accused, nor did they know the identification of the unidentifiable female, "Fluff," or "Fluffy" who initially reported Petitioner's presence in the casino. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010).

Therefore, the final determination of the OOR is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben M. Collazo,                                    :
                            Petitioner              :
                                      :
             v.                                       : No. 1728 C.D. 2016
                                        :
Pennsylvania State Police,                   :
                            Respondent         :

**PER CURIAM**                        **O R D E R**

        **AND NOW**, this 17th day of May, 2017, the Pennsylvania State Police's motion to strike the "addendum" filed with Ruben M. Collazo's amended brief is GRANTED and the final determination of the Office of Open Records is AFFIRMED.