# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Diveglia,                        :
                    Petitioner            :
                                         :
        v.                               :    No. 1378 C.D. 2016
                                         :    Submitted: April 7, 2017
Pennsylvania State Police,               :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: September 1, 2017

Cynthia Diveglia (Requester) petitions for review of the Office of Open Records' (OOR) deemed denial of her appeal of the refusal of the Pennsylvania State Police to provide records she requested. The OOR issued this denial because Requester refused to give OOR an extension of time to issue a final determination. Requester contends that OOR erred and abused its discretion. We vacate and remand.

On April 6, 2016, Requester sought information from the Pennsylvania State Police pursuant to the Right-to-Know Law, 65 P.S. §§67.101-67.3104.[1] Specifically, Requester sought a copy of the "Dash Cam Recording - Unedited," commonly known as a mobile video recording (MVR), from State Police vehicle #H6-12 and relating to Criminal Complaint Incident #H06-2342590. Reproduced Record at 12a (R.R. __). The requested MVR details a police pursuit

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

of Requester's vehicle that took place on November 16, 2014, and ended with her arrest by the State Police. She was charged with recklessly endangering another person; driving under the influence of alcohol or a controlled substance; and attempting to elude a police officer.

On May 16, 2016, the State Police denied the request for two reasons. First, it asserted that the MVR was exempt from disclosure under Section 708(b)(16) of the Right-to-Know Law because it related to a criminal investigation.[2] Second, it asserted that Section 9106(c)(4) of the Criminal History

---

[2] Section 708(b)(16) states that the following items are exempt from access by a requester under the Right-to-Know Law:

> (16) A record of an agency relating to or resulting in a criminal investigation, including:
>
> > (i) Complaints of potential criminal conduct other than a private criminal complaint.
> >
> > (ii) Investigative materials, notes, correspondence, videos and reports.
> >
> > (iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.
> >
> > (iv) A record that includes information made confidential by law or court order.
> >
> > (v) Victim information, including any information that would jeopardize the safety of the victim.
> >
> > (vi) A record that, if disclosed, would do any of the following:
> >
> > > (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
> > >
> > > (B) Deprive a person of the right to a fair trial or an impartial adjudication.
> > >
> > > (C) Impair the ability to locate a defendant or codefendant.
> > >
> > > (D) Hinder an agency's ability to secure an arrest, prosecution or conviction.

**(Footnote continued on the next page . . .)**

Record Information Act (CHRIA)[3] prohibits the State Police from releasing the MVR to any person other than a criminal justice agency. Thus, it would violate CHRIA for the State Police to comply with Requester's Right-to-Know request.

On May 25, 2016, Requester appealed to OOR, which requested a 30-day extension of time to issue a final determination. Requester agreed to the extension. OOR confirmed that it would "issue a Final Determination in the above-captioned matter on or before July 25, 2016." R.R. 31a.

On May 31, 2016, Requester submitted her statement of facts and legal argument. She presented several exhibits: an affidavit of probable cause in her criminal case prepared by the State Police; the incident report prepared by a township police officer; and a complaint report prepared by a regional police officer. The exhibits recount the police pursuit of Requester's vehicle that "was brought to an end with a rolling road block." R.R. 52a. They also recount that

---

**(continued . . .)**

> (E) Endanger the life or physical safety of an individual.

> This paragraph shall not apply to information contained in a police blotter as defined in 18 Pa. C.S. §9102 (relating to definitions) and utilized or maintained by the Pennsylvania State Police, local, campus, transit or port authority police department or other law enforcement agency or in a traffic report except as provided under 75 Pa. C.S. §3754(b) (relating to accident prevention investigations).

65 P.S. §67.708(b)(16).

[3] It provides:

> Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

18 Pa. C.S. §9106(c)(4).

3

when Requester was unable to perform field sobriety tests, she was driven to the hospital by the State Police for a blood test, which she refused. Thereafter, she was taken to the State Police station and charged criminally.

On June 14, 2016, the State Police filed a response to Requester's appeal. It included a verification signed by Trooper Isaac C. White, the arresting officer, that described the incident. After receiving a report of erratic driving, White located Requester's vehicle, which was weaving in and out of its lane. He activated his emergency lights, which activated the MVR device. Requester did not stop until "forcibly stopped with the help of [local] officers." R.R. 70a.

The State Police also submitted an affidavit from William A. Rozier, its Open Records Officer, who viewed the MVR. The affidavit reported that the MVR showed Trooper White's pursuit of the suspect; her apprehension; the search of her vehicle; and her transport by the State Police to the hospital. The transport segment of the video was identified as the only portion that included audio, including Requester speaking to Trooper White.

The record contains the following e-mail correspondence between OOR's Appeals Officer, Joshua T. Young, and Requester on July 13 and 14, 2016:

> [Appeals Officer]: I write to request an indefinite extension of time to issue the Final Determination in the above-referenced Right-to-Know matter for the purpose of conducting an *in camera* inspection of records withheld by [the State Police]. At your earliest convenience, please confirm whether you will agree to the requested extension.
>
> [Requester]: Is it possible to tighten up this request just a bit as "indefinite" is a bit broad. Could we say 30 days, or 45 days? If there is a reason I am certainly willing to listen to that reasoning, as I am fully willing to cooperate and be flexible in the interest of justice.

4

[Appeals Officer]: Thank you for the e-mail. It is [OOR's] general practice to seek an indefinite extension of time to issue its Final Determination when *in camera* inspection of records is necessary, given the time needed to gather and review the records and prepare the Final Determination. Many requesters grant the OOR an indefinite extension; however, in the past, we have had some requesters grant the OOR a ninety-day extension of time with the possibility of future extensions, if needed. Would you be willing to grant the OOR a ninety-day extension of time to issue the Final Determination?

[Requester]: I apologize for not understanding your policy, however, I have some time constraints on my end which was the purpose of this request. Could you please see if you could possibly have the requested information to me by September 2, 2016?

[Appeals Officer]: The OOR has requested an indefinite extension of time to issue its Final Determination in this matter because access to similar records as those at issue in the above-referenced appeal is currently being litigated before the Pennsylvania Supreme Court. Additionally, an enforcement action has been filed in the Commonwealth Court with respect to the OOR's ability to receive dash/body camera video recordings for *in camera* review. We do not believe that either of these actions will be resolved prior to September 2, 2016. Therefore, please confirm whether you will agree to an extension later than September 2, 2016, or to the indefinite extension initially requested by the OOR.

[Requester]: I do not agree to an extension of time to issue a Final Determination on my request, based upon the information that you have provided. If you feel you can provide additional information for my reconsideration, please do.

R.R. 86a, 88a-89a.

The Appeals Officer did not respond to Requester's final e-mail. Instead, on July 26, 2016, OOR issued a "Decision in Lieu of Final Determination." R.R. 92a. The decision stated that because "Requester declined

5

to agree to an extension of time for the OOR to issue a final determination in this matter, the appeal was deemed denied by operation of law on July 25, 2016." OOR Deemed Decision at 1. OOR also stated that because the State Police refused to provide an MVR for *in camera* review, OOR needed an extension "in this matter from the Requester so that the OOR could order *in camera* review and, if necessary, pursue an enforcement action against the [State Police] related to its *in camera* order." OOR Deemed Decision at 4. The decision further stated that the legal questions of whether an MVR is exempt from disclosure and whether the State Police must produce an MVR for *in camera* review by the OOR were matters pending before the appellate courts not likely to be decided by September 2, 2016. For these reasons, the OOR requested an indefinite extension of time, which Requester declined. As a result, OOR found itself "unable to develop the evidentiary record before it [and as a result] OOR decline[d] to issue a final determination in this matter." OOR Deemed Decision at 5.

Requester petitioned for this Court's review and has raised three issues.[4] First, she asserts that OOR erred because she did not refuse the extension request; she merely asked OOR to justify its request for a longer extension. Second, she asserts that OOR had the evidence it needed to determine the case on the merits and, thus, erred in not issuing a final determination. Third, she asserts that the State Police did not meet its burden of proving her record was exempt from disclosure under the Right-to-Know Law.

---

[4] Our standard of review of OOR determinations is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

6

We begin with Requester's first and second issues. In them, Requester asserts that OOR erred in holding that she refused to grant an extension but, in any case, it had the evidence it needed to decide her appeal.

Requester notes that OOR's Appeals Officer asked for an "indefinite extension" of time to conduct an *in camera* inspection of the MVR without explaining that the State Police would not likely produce the MVR for that purpose. Nor did the Appeals Officer inform her that OOR would not be able to decide her appeal on the merits without the MVR. When she asked that the extension request be made more specific than "indefinite," the Appeals Officer responded that it was OOR's "general practice to seek an indefinite extension of time" when an *in camera* review was necessary. R.R. 89a. The Appeals Officer did not explain the origin of this "general practice." After Requester agreed to a 39-day extension, the Appeals Officer countered with a new reason, *i.e.*, unidentified pending court cases that would not likely be decided in 39 days. Believing an extension of unknown duration was unreasonable, Requester invited the Appeals Officer to offer additional information to support his extension request. He declined to do so and, instead, deemed her appeal denied. The Appeals Officer never advised Requester of this consequence should she refuse the extension.

The State Police respond that after Requester denied OOR's request for an extension of time to conduct an *in camera* review of the record, OOR did not issue a decision. Pursuant to Section 1101(b) of the Right-to-Know Law,[5] if

---

[5] It provides, in relevant part:

**(Footnote continued on the next page . . .)**

OOR does not issue a final determination in 30 days, the appeal is deemed denied. The State Police contend that OOR's handling of Requester's appeal conformed perfectly to the dictates of the Right-to-Know Law and, thus, her petition for review lacks merit.

We begin with a review of the cases that informed the OOR's deemed denial decision. The first case is *Pennsylvania State Police v. Grove*, 119 A.3d 1102 (Pa. Cmwlth. 2015) (*Grove I*), *affirmed in part, reversed in part and remanded*, *Pennsylvania State Police v. Grove*, 161 A.3d 877 (Pa. 2017) (*Grove II*).[6] The second case is *Office of Open Records v. Pennsylvania State Police*, 146 A.3d 814 (Pa. Cmwlth. 2016), which was decided by a single judge of this Court on August 8, 2016.

In *Grove I*, the requester sought two MVRs relating to a traffic accident. The State Police denied the request for the stated reasons that the MVRs were exempt under the Right-to-Know Law as investigatory records. In a final

---

**(continued . . .)**

> (1) Unless the requester agrees otherwise, the appeals officer shall make a final determination which shall be mailed to the requester and the agency within 30 days of receipt of the appeal filed under subsection (a).
>
> (2) If the appeals officer fails to issue a final determination within 30 days, the appeal is deemed denied.

65 P.S. §67.1101(b).

[6] Shortly after the Supreme Court's pronouncement in *Grove II*, Senate Bill No. 560 was signed by Governor Wolf. Act No. 2017-22 of July 7, 2017, amended Title 42 of the Judicial Code by adding Chapter 67A. Section 67A03 limits the disclosure of law enforcement audio and video recordings. 42 Pa. C.S. §67A03. Section 67A06 mandates that when a law enforcement agency denies a request, the appeal is not taken to OOR, but to the court of common pleas. 42 Pa. C.S. §67A06.

8

determination, OOR sustained the requester's appeal, and the State Police petitioned for this Court's review.[7]

The State Police argued that the MVRs were criminal investigative records because they involved a vehicle accident that resulted in traffic citations, *i.e.*, summary criminal offenses. We held that "[t]he mere fact that a record has some connection to a criminal proceeding does not automatically exempt it under Section 708(b)(16) of the [Right-to-Know Law] or CHRIA." *Grove I*, 119 A.3d at 1108. We explained that an MVR is "created to document troopers' performance of their duties in responding to emergencies and in their interactions with members of the public, not merely or primarily to document, assemble or report on evidence of a crime or possible crime." *Id.* An MVR can include "actions which have no investigative content, such as directions to motorists in a traffic stop or at an accident scene, police pursuits, and prisoner transports." *Id.* However, they may contain information relating to a criminal investigation, including "witness interviews, interrogations, intoxication testing and other investigative work…." *Id.* at 1109. Where the MVR includes investigatory and non-investigatory information, "the agency must produce the record with the exempt information redacted." *Id.*

The affidavit regarding the first MVR sought by the requester stated that the MVR did not have an audio component; rather, it showed a trooper speaking to the drivers of the vehicles and photographing the crash scene. We

---

[7] The State Police explained that OOR had issued other final determinations that MVRs are exempt from disclosure as investigatory records. As a result, the State Police believed that it was unnecessary to offer a detailed description of the content of an MVR. This Court allowed the State Police to supplement the record with a more detailed affidavit describing the contents of the MVRs.

9

concluded that this affidavit did not establish that the MVR included investigative information and ordered the State Police to release a copy to the requester.

The affidavit regarding the second MVR, which did have an audio component, stated that it contained interviews of the drivers involved in the accident. We concluded that this audio information constituted an investigation that could lead to possible criminal charges. However, the video depiction of the conversations was not claimed to be investigative in nature. Thus, we ordered the State Police to redact the audio component and provide the remainder to requester.

A portion of the second MVR also included audio of police interactions with persons that were not claimed to be investigative interviews. We concluded these audio interactions should be disclosed, with instructions to OOR on remand to consider whether they were subject to the Wiretapping and Electronic Surveillance Control Act (Wiretap Act), 18 Pa. C.S. §§5701-5782.

We explained that the Wiretap Act does not apply to "non-wire oral communications where the speaker has notice that the conversation may be recorded." *Grove I*, 119 A.3d at 1110. Obviously, police officers know that their conversations are being recorded. However, the evidence did not disclose whether the private citizens at the accident scene were aware that they were being recorded. Accordingly, we remanded the matter "to permit [the State Police], before providing that MVR to [r]equester, to redact from its audio component witness interviews and utterances of private citizens who had no notice of the recording." *Id*. at 1111.

The State Police petitioned for allowance of appeal to the Supreme Court, which granted review. In *Grove II*, 161 A.3d 877, our Supreme Court agreed that MVRs are not automatically exempt from disclosure as criminal

investigative information under Section 708 of the Right-to-Know Law or under CHRIA. As such, whether the information contained on a requested MVR is exempt must be determined on a case-by-case basis.

In *Grove I*, this Court remanded for consideration of whether the audio portion of one of the MVRs could be released under the Wiretap Act. We directed the State Police on remand to review the audio recordings to determine whether the drivers or any other private citizens who were recorded had notice of the recording or reason to believe they were being recorded. If so, the State Police could redact their utterances, subject to Requester's appeal of that determination to OOR. In *Grove II*, the Supreme Court held that the conversations took place at an accident scene on a public roadway and within earshot of bystanders. As such, the speakers could not have had a justifiable expectation that their conversations would not be intercepted. In sum, *Grove II* reversed this Court on the issue of notice under the Wiretap Act, and affirmed in all other respects.

The second case identified by OOR, *Pennsylvania State Police*, 146 A.3d 814, involved three consolidated appeals of final determinations by OOR requiring the State Police to produce requested MVRs for *in camera* review. Two of the MVRs were created by the State Police; the third was created by the Mount Airy Casino but was in the possession of the State Police. The State Police refused to produce any of the MVRs, and OOR filed a petition to enforce the production of the MVRs with this Court. CHRIA prohibits the dissemination of investigative information "to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency," 18 Pa. C.S. §9106(c)(4), and this Court agreed that OOR is not a criminal justice agency. Citing *Grove I*, 119 A.3d at 1108, this Court held that an MVR is "not

11

automatically exempt" from disclosure. *Pennsylvania State Police*, 146 A.3d at 818. However, the video obtained by the State Police from the casino was found to be exempt from disclosure under Section 708(b)(16) of the Right-to-Know Law, 65 P.S. §67.708(b)(16), as a record "relating" to "a criminal investigation." Because a ruling on the other two MVRs hinged on the outcome of *Grove II*, this Court ordered the two petitions held in abeyance pending a decision in *Grove II*.

Section 1101(b)(1) of the Right-to-Know Law requires that OOR issue a final determination within thirty days of receipt of the appeal, unless the requester agrees otherwise. 65 P.S. §67.1101(b)(1). This "more streamlined process before appeals officers under the [Right-to-Know Law] is apparently designed to dispose of most disputes in an efficient and timely fashion." *Bowling v. Office of Open Records*, 75 A.3d 453, 474 (Pa. 2013).

In *Kokinda v. County of Lehigh* (Pa Cmwlth., No. 1146 C.D. 2013, filed January 8, 2014), OOR dismissed a requester's appeal because the requester did not comply with OOR's interim guidelines by including a copy of his request and the agency response. The requester appealed to the trial court. The trial court held that the availability of the requested document, a county prison's visitation log book, could be decided by the trial court on *de novo* review. After conducting its review, the trial court denied the request. Both parties appealed to this Court.

The county prison argued that the trial court should not have addressed the merits of the appeal because the requester did not submit a proper request that conformed to OOR's interim guidelines. We rejected this argument because a guideline is not a binding regulation. Noting that the trial court's "*de novo* review may cure certain defects," we nevertheless held that the court's review would not correct the OOR's failure to fulfill its "statutory obligation to review the

12

merits of the case." *Id.*, Slip Op. at 5. Accordingly, we vacated the trial court's order and remanded to OOR for it to make a determination on the merits.[8]

In this case, as in *Kokinda*, OOR has refused, improperly, to issue a determination on the merits. First, OOR's Appeals Officer never explained to Requester that OOR could not decide her case without an extension of time. Second, OOR had no authority to require Requester to submit to an "indefinite" extension. "Unless the requester agrees otherwise, the appeals officer shall make a final determination … within 30 days …." Section 1101(b)(1) of the Right-to-Know Law, 65 P.S. §67.1101(b)(1). Third, and most importantly, OOR has not established that it was unable to reach a decision on the merits without an extension. The record before OOR contained several exhibits that detail the content of the MVR. Requester does not dispute the State Police's description of the MVR, and she submitted exhibits from her criminal case to OOR. There does not appear to be any controversy regarding the contents of the MVR.

OOR issued a five-page decision in support of its deemed denial, but it did not explain why the record is inadequate. *Grove I* and *II* were decided on the basis of affidavits from the State Police describing the content of the MVRs at issue. Likewise, here, the record includes a verification from the arresting officer about when the recording commenced as well as an affidavit from the State Police describing the contents of the MVR. This information appears adequate to decide

---

[8] Our holding in *Kokinda* was based on *Barnett v. Pennsylvania Department of Public Welfare*, 71 A.3d 399 (Pa. Cmwlth. 2013). Therein, OOR summarily dismissed a requester's appeal because it was not sufficiently specific. This Court agreed that the appeal was not sufficiently specific, but we remanded to the OOR. We explained "that the General Assembly intended that an appeals officer generally have the opportunity to consider the merits of an appeal before a final determination is issued." *Id.* at 407.

13

the merits of Requester's appeal. That OOR would like to do an *in camera* review does not mean it must do so.

Accordingly, we vacate OOR's decision in lieu of a final determination and remand the matter to OOR to (1) reach a final determination on the merits, or (2) issue a decision explaining why the record before it is insufficient to reach a final determination on the merits.[9]

_____
MARY HANNAH LEAVITT, President Judge

---

[9] Because we remand, we do not address Requester's third issue. This remand does not preclude OOR from seeking an extension of time from Requester.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia Diveglia,             :
        Petitioner     :
                      :
        v.             :    No. 1378 C.D. 2016
                      :
Pennsylvania State Police,   :
        Respondent   :

## **O R D E R**

AND NOW, this 1st day of September, 2017, the Decision In lieu Of Final Determination issued by the Office of Open Records on July 26, 2016, is VACATED and the matter is REMANDED in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge