# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Governor's Office           :
of Administration,        :
                                :
           Petitioner   :
                                :
         v.          : No. 103 C.D. 2017
                                : Submitted: July 7, 2017
Simon Campbell,       :
                                :
        Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED:  September 28, 2017

The Governor's Office of Administration (OA) petitions for review from a final determination of the Office of Open Records (OOR) that granted in part and denied in part Simon Campbell's (Requester) request under the Right-to-Know Law (RTKL).[1]  OA argues that the OOR erred by: ordering the OA to disclose records that are the subject of separate, and likely dispositive litigation; ordering the wholesale disclosure of employee county of residence without affording those affected the ability to protect such information; and failing to consider whether employee county of residence is subject to constitutional protections.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

On October 19, 2016, Requester submitted the following request to the OA:

> For all Commonwealth employees whose names exist inside the computerized databases of OA: please extract from OA's computerized databases the full names of those Commonwealth employees, their position/job titles, their dates of birth, and their counties of residence and send this information to me in electronic format only. It will be helpful to me in terms of obtaining their home addresses.

Reproduced Record (R.R.) at 14a-15a. OA partially granted and partially denied the request. Specifically, OA directed Requester to the publicly accessible electronic database at www.pennwatch.pa.gov (PennWatch) where the Commonwealth posts information regarding budget, spending, revenue and employees. Of the records requested, the names and job titles of the Commonwealth employees, along with their salaries, compensation, and employing agency, subject to redactions permitted under Section 708(b) of the RTKL, 65 P.S. §67.708(b), are posted at PennWatch. R.R. at 18a. However, the OA denied the request to the extent it sought employees' dates of birth and counties of residence.

Requester appealed to the OOR challenging the denial and asserting the information requested is subject to public disclosure. The OA provided supplemental information and requested a stay of proceedings based on *McCord v. Pennsylvanians for Union Reform*, 136 A.3d 1055, 1068 (Pa. Cmwlth.), *appeal granted sub nom.*, *Reese v. Pennsylvanians for Union Reform,* (Pa., No. 111 MAP 2016, filed November 10, 2016) (*Reese*), now pending before the Supreme Court, which involves the same issue presented here. The OOR did not enter a stay, but

instead granted the appeal in part and denied the appeal in part. The OOR denied the appeal to the extent the request sought the employees' dates of birth. However, the OOR granted the appeal insofar as the request sought employee county of residence information. The OOR directed the OA to provide Requester with the employees' counties of residence within 30 days of the date of the order.

The OA now petitions this Court for review.[2] The OA contends that the OOR erred in failing to stay judgment pending the Supreme Court's disposition of *Reese*. *Reese* involves the identical issue presented here, namely, whether an employee's county of residence is subject to disclosure. The Supreme Court granted review in *Reese* in order to address the impact of *Pennsylvania State Educational Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016) (*PSEA*) on the issue. On this basis, the OA renews its request for a stay of the proceedings in this Court. Alternatively, if a stay is not granted, the OA argues that the OOR erred by failing to offer due process to the employees implicated by the request when it ordered the wholesale disclosure of employees' counties of residence and without the participation of the employees who are the subjects of the information. Finally, the OA asserts that the OOR should have conducted a balancing test, based on *PSEA*, before directing the disclosure of personal information, including the county of residence.[3]

---

[2] For appeals from determinations made by the OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Requester did not file a brief in opposition or otherwise oppose the OA's renewed request for stay.

We first address the request for stay. In *Reese*, the Pennsylvanians for Union Reform (PFUR) submitted a RTKL request to then-State Treasurer, Robert M. McCord, later replaced by Timothy P. Reese (Treasurer)[4] for the production of an unredacted copy of a list of all Commonwealth employees compiled pursuant to Section 614 of the Administrative Code of 1929 (Administrative Code).[5] Section 614 of the Administrative Code explicitly makes an employee's county of residence, among other things, public. The Treasurer filed a petition for review in the nature of a complaint against PFUR and its president (Requester herein), seeking declaratory and injunctive relief concerning application of the RTKL and its exceptions to PFUR's request. After the pleadings closed, the Treasurer filed a motion for partial judgment on the pleadings. We held that the list requested is to be accessible to Commonwealth citizens at the State Library without a written request or other limitation by RTKL. *Reese*, 136 A.3d at 1068. Thus, we denied the Treasurer's partial motion and dismissed his claim for injunctive relief.

The Treasurer, intervenors, and the OA appealed from this decision. The Supreme Court granted review, consolidated the appeals, and directed supplemental briefs addressing the impact of the Supreme Court's decision in *PSEA*, which was rendered months after this Court's decision in *Reese*. In *PSEA*, the Supreme Court held that a Commonwealth employee's right to informational privacy in his or her home address "is guaranteed by Article 1, Section 1 of the Pennsylvania Constitution, and may not be violated unless outweighed by a public

---

[4] McCord resigned his office on January 30, 2015. Timothy P. Reese became State Treasurer on June 26, 2015. Under Pa. R.A.P. 502(c), when a public officer named in an appeal ceases to hold office, "his successor is automatically substituted as a party."

[5] Act of April 9, 1929, P.L. 177, added by Section 3 of the Act of September 27, 1978, P.L. 775, *as amended*, 71 P.S. §234.

interest favoring disclosure." 148 A.3d at 158. *Reese* remains pending before the Supreme Court.

In its request to stay proceedings, the OA asserts that the wholesale disclosure of the records in question would defeat or moot the ongoing work by the Supreme Court, which will likely be dispositive on the subject. Moreover, to proceed without a stay would create duplicative, unnecessary work for the parties and waste judicial resources. Any decision entered before the Supreme Court's decision could cause confusion. For these reasons, the OA urges this Court to wait until the Supreme Court defines the impact of *PSEA* on counties of residence before deciding the merits of this appeal.

Upon review of *Reese* and *PSEA*, and given the identity of the issues and parties involved, we believe the prudent approach is to hold the matter in abeyance until the Supreme Court clarifies the impact of *PSEA* on whether county of residence information is subject to or protected from public disclosure. *See Commonwealth v. Pennsylvania State Police*, 146 A.3d 814, 819 (Pa. Cmwlth. 2016).


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Governor's Office                   :
of Administration,                  :
                                    :
                    Petitioner      :
                                    :
          v.                        : No. 103 C.D. 2017
                                    :
Simon Campbell,                     :
                                    :
                    Respondent :

# O R D E R

AND NOW, this 28th day of September, 2017, the above-captioned matter is HELD IN ABEYANCE pending the Pennsylvania Supreme Court's disposition of *McCord v. Pennsylvanians for Union Reform*, 136 A.3d 1055, 1068 (Pa. Cmwlth.), *appeal granted sub nom., Reese v. Pennsylvanians for Union Reform,* (Pa., No. 111 MAP 2016, filed November 10, 2016).

Petitioner shall file a status report not later than 30 days following the Supreme Court's disposition of *Reese*, or by January 11, 2018, whichever occurs earlier.

_____
MICHAEL H. WOJCIK, Judge