# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| County of Berks, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 170 M.D. 2018 |
| | : Argued: September 14, 2018 |
| Pennsylvania Office of Open | : |
| Records and ALDEA - The | : |
| People's Justice Center, | : |
| | : |
| Respondents | : |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge[1]

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                        **FILED:  January 3, 2019**


Before this Court are the preliminary objections filed by the Office of
Open Records (OOR) and ALDEA - The People's Justice Center (ALDEA) to the
petition for review filed by the County of Berks (County) asserting two claims in
this Court's original jurisdiction and a third claim seeking that this Court exercise
its ancillary jurisdiction pursuant to Section 761(c) of the Judicial Code, 42 Pa. C.S.
§ 761(c), to conduct an appellate review of the County's appeal from an OOR Final
Determination ruling on a request by ALDEA for records of the County.  For the

---

[1] This decision was reached before Senior Judge Colins' service with the Court ended on December 31, 2018.

reasons that follow, we grant OOR's first and second preliminary objections and ALDEA's first preliminary objection, dismiss Counts I and II of the petition for review and transfer Count III to the Court of Common Pleas of Berks County.

On July 27, 2017, ALDEA filed a request with the County pursuant to the Right-to-Know Law[2] (RTKL) identifying six categories of records that it sought from the County related to the Berks County Residential Center (BCRC), an immigrant family detention facility. (OOR Certified Record (C.R.) Item 1.) In Items 1 to 4 of the request, ALDEA sought correspondence concerning complaints by or related to four private attorneys and one paralegal that related to conditions at BCRC. (*Id.*) In addition, Item 5 of the request sought video recordings of the BCRC visitation area on the evening of May 23, 2017, while Item 6 of the request sought any correspondence between BCRC and any other party regarding the identified attorneys and paralegal. (*Id.*)

On September 22, 2017, the County responded to ALDEA, asserting that it lacked any documents responsive to Items 1, 4 and 5 of the request and that Item 6 of the request was insufficiently specific to allow the County to respond. (C.R. Item 1.) With respect to Items 2 and 3 of the Request, the County stated that, to the extent any such documents existed, they would be exempt from disclosure because they related to a non-criminal investigation, related to internal, pre-decisional deliberations of an agency, were protected by the attorney-client privilege or constituted attorney work product. (*Id.*) Notwithstanding its responses, the County produced certain records to ALDEA that were not identified as being responsive to any specific item in ALDEA's request. (*Id.*)

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

ALDEA appealed the County's failure to produce responsive records to the OOR. (C.R. Item 1.) During the course of the appeal, the OOR Appeals Officer requested an exemption log as to the nine records withheld with respect to Item 2 of the request. (C.R. Item 6.) In its exemption log, the County objected to the disclosure of the records on the basis that they contained internal, pre-decisional deliberations and were protected by the attorney-client privilege. (C.R. Item 7.) The Appeals Officer then issued an order requiring that the County submit these nine records for *in camera* review. (C.R. Item 9.) The order provided that pursuant to OOR's interim procedural guidelines, the records would be stored in a secure location and would not be "disclosed to any person other than the appeals officer, the Executive Director or OOR staff counsel." (*Id*.) The County objected to this order, raising arguments that OOR lacks the authority to issue *sua sponte* orders requiring the submission of documents for *in camera* review and that the review of such documents by non-lawyer OOR staff would be unlawful; nevertheless, the County ultimately submitted the records as ordered by the Appeals Officer.[3] (C.R. Items 10, 12.) The County also raised the argument during the proceedings before the Appeals Officer that OOR lacked jurisdiction over ALDEA's appeal because Section 406 of the act commonly known as The County Code[4] governed access to the minute books and other fiscal records of a county and the RTKL was therefore inapplicable. (C.R. Items 4, 7, 10, 12, 16.)

---

[3] The County submitted six records for *in camera* review rather than the nine initially ordered after the County objected that three of the records would be exempt from disclosure by a federal regulation, 8 C.F.R. § 236.6, that prohibits state and local government entities from disclosing the name or personal information of immigration detainees residing at a federally managed facility. (C.R. Item 11.)

[4] Act of August 9, 1955, P.L. 323, *former* 16 P.S. § 406.

3

On February 9, 2018, the Appeals Officer issued a Final Determination that denied in part and granted in part ALDEA's appeal. The Appeals Officer concluded that the County had demonstrated that no records exist responsive to Items 1, 4 and 5 of the Request, Item 6 of the Request is insufficiently specific and that certain records responsive to Item 2 were protected by the attorney-client privilege or reflected internal, pre-decisional deliberations and were thus exempt. (Final Determination at 6-12, 15-16.) The Appeals Officer granted ALDEA's appeal in part, finding that other requested documents responsive to Item 2 of the Request were not protected by privilege or otherwise exempt under the RTKL and therefore were required to be produced to ALDEA. (*Id.* at 11-15.) In addition, the Appeals Officer ruled that Section 406 of The County Code did not bar the release of documents because that provision does not explicitly state that county records are not subject to public access under the RTKL and, in any event, the requested records are not fiscal records as to which Section 406 applies. (*Id.* at 5-6.) The County sought reconsideration of the Final Determination, which was denied on February 23, 2018. On March 11, 2018, ALDEA filed an appeal from the Final Determination in the Court of Common Pleas of Berks County.

The County filed this petition for review on March 9, 2018, identifying OOR and ALDEA as respondents and asserting three counts. Counts I and II are claims for declaratory relief. In Count I, the County seeks a declaratory judgment that the provision in The County Code allowing for access to meeting minutes and fiscal documents is in conflict with the RTKL and therefore, pursuant to Section 3101.1 of the RTKL, 65 P.S. § 67.3101.1,[5] The County Code preempts the RTKL

---

[5] "If the provisions of this act regarding access to records conflict with any other Federal or State law, the provisions of this act shall not apply." 65 P.S. § 67.3101.1.

4

with respect to public records requests made to counties. Count II seeks declaratory judgment and injunctive relief with respect to OOR's *in camera* review practices based on claims that OOR lacks authority under the RTKL to issue an order requiring that records be submitted for *in camera* review *sua sponte* and that the practices violate the legislative scheme set forth in the RTKL and the Supreme Court's exclusive authority to regulate the practice of law under the Pennsylvania Constitution. In Count III, the County requests that the Court invoke its ancillary jurisdiction to review the County's appeal of the Final Determination in conjunction with this Court's consideration of the County's two original jurisdiction claims. In that appeal, the County raises the same argument as it does in Count I, that OOR erred by ruling that The County Code does not preempt the RTKL.[6]

OOR filed three preliminary objections to the petition for review. In the first objection, OOR argues that Count I should be dismissed because the County has an adequate statutory remedy under the RTKL of an appeal to the court of common pleas in which it can argue that The County Code preempts RTKL requests to counties. The second objection is a demurrer to Count II. Finally, OOR objects to certain statements in paragraph 59 of the petition for review on the grounds that they are scandalous and impertinent matter.

ALDEA filed five preliminary objections. Three of these objections are to Count III of the petition. First, ALDEA argues that this Court lacks jurisdiction to consider Count III and that it will not serve judicial economy to consider the County's appeal here as ALDEA already filed an appeal in the Court of Common Pleas of Berks County. Second, ALDEA challenges Count III for

---

[6] The appellate portion of the petition for review has been stayed pending disposition of the preliminary objections filed by Respondents.

5

insufficient specificity of pleading. Third, ALDEA asserts that the County has failed to exhaust its statutory remedy with respect to Count III of appealing the Final Determination to the court of common pleas. ALDEA also filed an objection to Count I in the nature of a demurrer, arguing that the County's sweeping view of The County Code preempting RTKL requests to counties fails as a matter of law. Finally, ALDEA argues that it was improperly joined as a party to this action because OOR is the true party in interest and ALDEA has no role in providing redress to the County.[7]

We first address OOR's preliminary objection to Count I of the petition for review based on the failure to exhaust the statutory remedy under the RTKL of an appeal of a Final Determination to the court of common pleas. It is undisputed that this Court has original jurisdiction over claims against OOR for declaratory relief. 42 Pa. C.S. § 761(a)(1) (providing for original jurisdiction over civil actions against the Commonwealth government); *Office of Governor v. Donahue*, 98 A.3d 1223, 1233 (Pa. 2014) (OOR is a Commonwealth agency and "is therefore subject to the original jurisdiction of the Commonwealth Court in any action properly brought against it," including a declaratory judgment action). Nevertheless, we

---

[7] When reviewing preliminary objections to a petition for review in our original jurisdiction, this Court must treat as true all well-pleaded, material and relevant facts together with any reasonable inference that can be drawn from those facts. *Russo v. Allegheny County*, 125 A.3d 113, 121 n.5 (Pa. Cmwlth. 2015), *aff'd*, 150 A.3d 16 (Pa. 2016); *Feldman v. Hoffman*, 107 A.3d 821, 826 n.7 (Pa. Cmwlth. 2014). Courts, however, are not required to accept as true conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative allegations. *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1218 n.3 (Pa. Cmwlth. 2010) (*en banc*). In ruling on a preliminary objection in the nature of a demurrer, the objection is properly sustained where, based on the facts averred, the law says with certainty that no recovery is possible; if doubt exists, then it should be resolved in favor of overruling the objection. *Bruno v. Erie Insurance Co.*, 106 A.3d 48, 56 (Pa. 2014); *Feldman*, 107 A.3d at 826 n.7.

conclude that Count I is barred by the County's failure to exhaust its statutory remedies.

Pursuant to the doctrine of exhaustion of statutory remedies,[8] a party must exhaust all remedies before invoking this Court's jurisdiction to challenge a final agency adjudication. *East Coast Vapor, LLC v. Pennsylvania Department of Revenue*, 189 A.3d 504, 509-10 (Pa. Cmwlth. 2018) (*en banc*); *Keystone ReLeaf LLC v. Pennsylvania Department of Health*, 186 A.3d 505, 513 (Pa. Cmwlth. 2018) (*en banc*). In addition, the doctrine of exhaustion of remedies is codified in the Declaratory Judgments Act,[9] which provides that declaratory relief "shall not be available … with respect to any … [p]roceeding involving an appeal from an order of a tribunal." 42 Pa. C.S. § 7541(c)(3); *see also* 1 Pa. C.S. § 1504 ("In all cases where a remedy is provided ... by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect."); *East Coast Vapor*, 189 A.3d at 510. The rationale behind the doctrine of exhaustion of statutory remedies "not only reflects a recognition of the [G]eneral [A]ssembly's directive of strict compliance with statutorily-prescribed remedies, it also acknowledges that an unjustified failure to follow the [statutory] scheme undercuts the foundation upon which the … process was founded." *East Coast*

---

[8] The terms "exhaustion of statutory remedies" and "exhaustion of administrative remedies" are often used interchangeably in our decisional law. *Donahue*, 98 A.3d at 1231 n.6. In this matter, because the alternative remedy to a declaratory judgment action is prescribed by the RTKL, we will use the term "exhaustion of statutory remedies." *Id.*

[9] 42 Pa. C.S. §§ 7531-7541.

*Vapor*, 189 A.3d at 510 (quoting *Shenango Valley Osteopathic Hospital v. Department of Health*, 451 A.2d 434, 438 (Pa. 1982)).[10]

While the failure to exhaust a statutory or administrative remedy normally bars this Court from hearing claims of declaratory or injunctive relief with respect to agency action, "the exhaustion doctrine is neither inflexible nor absolute." *Keystone ReLeaf*, 186 A.3d at 513. Our Supreme Court has recognized three exceptions to the doctrine of exhaustion of statutory remedies where (i) the jurisdiction of an agency is challenged, (ii) the constitutionality of the statute is challenged or (iii) the remedy at law is inadequate. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 684 A.2d 1047, 1054 (Pa. 1996); *Keystone ReLeaf* 186 A.3d at 514. "Where … a legal remedy would result in a multiplicity of duplicative lawsuits and, in contrast, an action in equity would provide a tidy global resolution, this Court has found the legal remedy to be inadequate." *Donahue*, 98 A.3d at 1234 (quoting *Pentlong Corp. v. GLS Capital, Inc.*, 820 A.2d 1240, 1245-46 (Pa. 2003)).

All parties recognize that the RTKL requires that the County file any appeal that it had from the Final Determination in the Court of Common Pleas of Berks County. A county is a "local agency" under the RTKL, and the appropriate venue for a local agency to challenge an OOR final determination is through an appeal to the court of common pleas where the agency is located. Sections 102 and 1302 of the RTKL, 65 P.S. §§ 67.102, 67.1302; *Philadelphia District Attorney's Office v. Stover*, 176 A.3d 1024, 1027 (Pa. Cmwlth. 2017) (local agency's appeal of

---

[10] This Court must also be mindful that accepting a matter in this Court's original jurisdiction confers an appeal as of right to the Supreme Court to the detriment of the efficient administration of justice and "would crowd cases involving important and unique issues from [the High Court's] allocatur docket." *Gossman v. Lower Chanceford Township Board of Supervisors,* 469 A.2d 996, 998 (Pa. 1983); *see also Miles v. Beard*, 847 A.2d 161, 165 (Pa. Cmwlth. 2004).

an OOR decision must first be filed in court of common pleas before eventually progressing to Commonwealth Court); *Grine v. County of Centre*, 138 A.3d 88, 94 (Pa. Cmwlth. 2016) (*en banc*) (a county qualifies as a local agency under the RTKL).

Nevertheless, the County argues that the statutory remedy of an appeal of an OOR final determination involving a local agency to the court of common pleas would be inadequate as to the declaratory relief the County asserts in Count I because declaratory relief is necessary to prevent duplicative litigation across the Commonwealth in which counties would raise the argument that they are exempted from the RTKL because of The County Code. Furthermore, the County asserts that Count I falls within the exceptions to the doctrine of exhaustion of statutory remedies because it is challenging OOR's jurisdiction to adjudicate disputes concerning access to county records.

Upon review, we conclude that Count I does not fall into the class of disputes that would allow this Court to assume original jurisdiction over the claim and bypass the traditional appeal to the court of common pleas of an OOR determination concerning the records of a local agency. Subsequent to the briefing of the preliminary objections and oral argument in this matter, the General Assembly enacted Act 154 of 2018,[11] which includes extensive revisions to The County Code, including Section 406. At the time that the petition for review was filed, Section 406 provided in full:

> (a) The minute book and other fiscal records and documents of every county may be open to the inspection of any taxpayer thereof, but the proper officers may make reasonable rules and regulations respecting the time of such inspection.

---

[11] Act of October 24, 2018, P.L. ___, No. 154.

> (b) In case any officer shall refuse to permit the inspection of any fiscal record or document the taxpayers may, by petition to the court of common pleas of the county, set forth his reasons for desiring to make such inspection, and, if the court deems such reasons proper, it shall order the officer to permit the inspection to be made.

*Former* 16 P.S. § 406. Act 154 amended Section 406 of The County Code by deleting the entirety of the text of the statute quoted above and replacing it with:

> Except as otherwise provided by this act, records of county offices shall be open for inspection subject to the rules and regulations provided in the act of February 14, 2008 (P.L. 6, No. 3), known as the "Right-to-Know Law."

*Id.*, § 10. Act 154 went into effect on December 23, 2018, 60 days after the Act was approved by the Governor on October 24, 2018. *Id.*, § 134.

In Count I of the petition for review, the only relief requested by the County is a declaration that the records-access provision of the RTKL is not applicable to counties and instead the county must only provide for physical inspection of fiscal records in accordance with Section 406 of The County Code. (Petition for Review ¶47.) As a result of Act 154, however, there is no longer a need for this Court to consider this prospective declaratory relief as the General Assembly has determined that the RTKL will apply to records requests to counties from December 23, 2018 onward.[12] Indeed, the County has conceded that the RTKL applies to records requests to counties after Act 154 went into effect and that the

---

[12] The current version of Section 406 states that county records shall be subject to inspection pursuant to the RTKL and related rules and regulations "[e]xcept as otherwise provided by this act." 16 P.S. § 406. While Act 154 provides for additional requirements on counties for the maintenance of records, the legislation does not contain any provision that limits the application of the RTKL with respect to record requests to counties, and furthermore the County has not alleged at any point during this appeal that any other provision of The County Code inhibits OOR's jurisdiction over a request to a county.

10

declaratory relief it seeks would have to be limited to requests submitted prior to the effective date. (County Application to File Brief Concerning Change in Statutory Law ¶¶8-9.) [13] Thus, the County's concerns regarding the necessity of a single declaratory judgment action with statewide effect to prevent piecemeal, duplicative litigation in various courts of common pleas are no longer present in this dispute. Furthermore, the core purpose of the Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," 42 Pa. C.S. § 7541(a); *Bayada Nurses, Inc. v. Department of Labor and Industry*, 8 A.3d 866, 874 (Pa. 2010); *Berwick Township v. O'Brien*, 148 A.3d 872, 881 (Pa. Cmwlth. 2016), and in the absence of a live claim regarding the prospective rights and duties of a county with respect to future requests to access records, declaratory relief is inappropriate in this matter.

The exception to exhaustion of remedies for jurisdictional challenges is equally inapplicable here. This exception applies where there is a matter pending before an agency and the party seeking declaratory or injunctive relief challenges the jurisdiction of the agency to proceed in that matter on purely legal grounds that do not depend on the resolution of factual issues. *Southeastern Pennsylvania Transportation Authority v. City of Philadelphia*, 101 A.3d 79, 82, 90 (Pa. 2014) (exhaustion of remedies before agency was not required for challenge to agency's jurisdiction in seven administrative proceedings against plaintiff that were pending before the agency at the time action was filed); *East Lampeter Township v. County of Lancaster*, 696 A.2d 884, 886-88 (Pa. Cmwlth. 1997) (exhaustion not required for challenge to agency's authority to adjudicate pending administrative proceeding).

---

[13] The County filed an application seeking leave to file an additional brief regarding the effect of the Act 154 amendment to The County Code on this petition for review, which this Court denied in a separate order of the same date as this opinion and order.

Here, there is no claim that there is a proceeding against the County pending before OOR over which OOR lacks jurisdiction or that there was such a proceeding before OOR at the time that the County filed the petition for review. Rather, the OOR proceeding had already ended with the Final Determination and denial of reconsideration prior to the County filing the petition to review. Moreover, there is no possibility of the same jurisdictional challenges to future OOR proceedings because, as a result of Act 154, the law is clear that records requests directed at counties are subject to the RTKL and that OOR has jurisdiction over appeals from denial of such requests.

Thus, the only statutory remedy to be exhausted here is an appeal in the court of common pleas. No challenge, however, is asserted to the court of common pleas' jurisdiction to rule on the issue that is the subject of Count I, whether the former version of Section 406(a) of The County Code removed records requests against counties from the scope of the RTKL. To the contrary, the County expressly asserts that the courts of common pleas have jurisdiction under Section 406 of The County Code to adjudicate disputes over records requests directed at counties. (Petition for Review ¶32.)

Furthermore, none of the cases that the County relies upon support its contention that declaratory judgment is permissible here. In each of the cited cases, *Donahue*, *Pennsylvania State Education Association ex rel. Wilson v. Department of Community and Economic Development*, 50 A.3d 1263 (Pa. 2012), *Grine*, and *Court of Common Pleas of Lackawanna County v. Pennsylvania Office of Open Records*, 2 A.3d 810 (Pa. Cmwlth. 2010), while an appeal of an OOR final determination may have been available to some party to the records request, special circumstances existed that prevented the petitioner in the declaratory judgment

12

action from being able to avail itself of the traditional RTKL administrative and statutory appeal process. In *Wilson*, *Grine* and *Lackawanna County*, the party bringing the declaratory judgment action was not a party to the OOR determination that was at issue and thus could not press its arguments through the normal RTKL appeal process. *Wilson*, 50 A.3d at 1265-66, 1276-77 (action seeking declaratory and injunctive relief by individual school employees and educators' union in case regarding access to home addresses of public school employees; records requests were made to individual school districts and union and school employees brought original jurisdiction action in this Court after discovering that many school districts would not challenge the release of information); *Grine*, 138 A.3d at 91 (action for declaratory and injunctive relief by two court of common pleas judges to prohibit county in which the judges sat from releasing records of the judges' telephone calls in response to RTKL requests; judges were not party to request and county voluntarily released records); *Lackawanna County*, 2 A.3d at 811-12 (action for declaratory judgment and injunctive relief by Administrative Office of Pennsylvania Courts (AOPC) to prevent an OOR order from going into effect that would have required a county to provide records of an AOPC employee paid by the county; records request was directed to the county rather than AOPC, and the county did not appeal an adverse ruling by the OOR hearing officer). In *Donahue*, the Office of the Governor filed a declaratory judgment action after it had received an adverse OOR ruling that it sought to contest, but had won before the OOR on unrelated grounds and its appeal to this Court was accordingly quashed because the Office was not aggrieved; therefore, the Office's only recourse under the RTKL was to wait for a future request in which the same adverse ruling was made by OOR and then appeal

13

that determination to the courts. 98 A.3d at 1225-26, 1234-35.[14] In this case, the County had the option of filing an appeal of the OOR's February 9, 2018 Final Determination in which it could argue that The County Code preempted the RTKL, which the County has in fact done in Count III of the petition for review, and therefore no special situation exists to warrant a declaratory judgment action that would short circuit the RTKL appeal process.

Finally, although the Act 154 amendment does not moot the County's argument that the prior version of Section 406 of The County Code preempts the RTKL with respect to ALDEA's July 27, 2017 request to the County for records related to the BCRC facility, that argument is a discrete issue that may be fully resolved in an appeal from OOR's February 9, 2018 Final Determination. It is therefore not an issue that is capable of producing continued or future duplicative litigation that warrants declaratory relief or permits an exception to the doctrine of exhaustion of remedies. Accordingly, Count I must be dismissed for failure to exhaust the statutory remedy of an appeal of the Final Determination to the Court of Common Pleas of Berks County.

Count II of the Petition for Review likewise fails to state a cause of action in our original jurisdiction. The claims asserted in Count II are that OOR lacks the power to order *in camera* review of documents *sua sponte* and that *in camera* review of records by any other OOR personnel aside from appeals officers violates the RTKL and the Pennsylvania Constitution. Neither of these claims is legally valid.

---

[14] In addition, as the Court noted, declaratory relief was proper in *Donahue* because any delay in challenging the contested OOR ruling – that the five-day response period under the RTKL began on the day that any agency employee received the record request rather than when the agency's open records officer received the request – would impose a continuing substantial burden on all agencies subject to the RTKL. 98 A.3d at 1234-35.

14

It is well established that OOR and its appeals officers have authority to order and undertake *in camera* review of documents that have been withheld or redacted where, in the appeals officers' judgment, *in camera* review is necessary to develop an adequate record to rule on the agency's claims of privilege or exemption. *UnitedHealthcare of Pennsylvania, Inc. v. Pennsylvania Department of Human Services*, 187 A.3d 1046, 1060 (Pa. Cmwlth. 2018); *Highmark Inc. v. Voltz*, 163 A.3d 485, 490-91 (Pa. Cmwlth. 2017) (*en banc*); *Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.3d 1119, 1124 n.5 (Pa. Cmwlth. 2017); *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 59-60 (Pa. Cmwlth. 2016); *Office of Open Records v. Center Township*, 95 A.3d 354, 369-71 (Pa. Cmwlth. 2014) (*en banc*).

> An appeals officer has discretion in developing the record to allow meaningful appellate review. To develop the record, an appeals officer may undertake *in camera* review or request submissions as to material facts.

*Highmark*, 163 A.3d at 490-91 (citations omitted).

The County argues that this authority is limited to cases where one of the parties has requested *in camera* review or this Court has ordered OOR to conduct an *in camera* review on remand. We do not agree. Contrary to the County's assertions, this Court did <u>not</u> hold in *Center Township* that OOR lacks authority to order *in camera* review *sua sponte*. Rather, the Court held that "[t]he issue of such *sua sponte* authority is not present in this appeal because Requester specifically requested that the OOR conduct *in camera* inspection," and the language in the opinion on which the County relies was stated as a previously expressed opinion of one judge on this Court in a concurrence, not an opinion of the Court. 95 A.3d at

15

368 n.19 (citing *Office of Governor v. Scolforo*, 65 A.3d 1095, 1105 (Pa. Cmwlth. 2013) (*en banc*) (McCullough, J., concurring)).

While *Center Township* addressed only the situation where a party had requested *in camera* review and held that OOR has the power to order an agency to produce documents for *in camera* review where such a request has been made, *id.* at 356, 369-71, subsequent decisions of this Court have not limited OOR's *in camera* inspection authority to requests by a party. In *Township of Worcester*, this Court made clear that the basis of OOR's authority to order *in camera* review is its power and duty to develop an adequate factual record for evaluating the claims of privilege and exemption from disclosure, not the power to grant a party's evidentiary requests, and the Court considered the fact that such a request was made only as one factor in evaluating whether *in camera* review was appropriate. 129 A.3d at 59-62. Following *Township of Worcester*, this Court has repeatedly reaffirmed OOR's authority to order *in camera* review without imposing any requirement of a party request. *UnitedHealthcare*, 187 A.3d at 1060; *Highmark*, 163 A.3d at 490-91; *Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.3d at 1124 n.5; *see also Office of Open Records v. Pennsylvania State Police*, 146 A.3d 814, 816 (Pa. Cmwlth. 2016) (single-judge opinion). Moreover, in *Pennsylvania Department of Education v. Bagwell*, 114 A.3d 1113 (Pa. Cmwlth. 2015), this Court specifically rejected the argument that OOR lacked authority to request an agency to provide additional information without holding a hearing and without a specific request by a party for that information, holding that such authority is analogous to the power to order *in camera* review and concluding that OOR "appeals officers are empowered to develop the record to ensure … courts may perform appellate review without the necessity of performing their own fact-finding." *Id.* at 1121.

16

Furthermore, barring OOR from *in camera* review of documents *sua sponte* "would lead to an absurd result of limiting the ability to find facts efficiently, and it may frustrate this Court's ability to perform appellate review." *Pennsylvania Department of Education v. Bagwell*, 114 A.3d at 1121. *In camera* review can be of critical importance in determining whether documents requested under the RTKL are protected by privilege and may sometimes be the only means by which an appeals officer and the courts can adjudicate a privilege claim on an adequate record. *California University of Pennsylvania v. Schackner*, 168 A.3d 413, 422-23 (Pa. Cmwlth. 2017); *Center Township*, 95 A.3d at 370.

OOR appeals officers have express authority to order *in camera* review without the request of a party if a hearing is held. Section 1102(b)(2) of the RTKL, 65 P.S. § 67.1102(b)(2) ("If a hearing is held, 1 Pa. Code Pt. II shall apply unless the agency has adopted regulations, policies or procedures to the contrary under this subsection."); 1 Pa. Code § 35.128 (at a hearing under 1 Pa. Code Pt. II, "the presiding officer may call for further evidence upon an issue, and require the evidence to be presented by the party or parties concerned … either at that hearing or at the adjournments thereof"). In addition, as the County concedes, courts have authority to order *in camera* review in an appeal from an OOR decision if they conclude that the OOR record is inadequate. *See Center Township*, 95 A.3d at 367; *Levy v. Senate*, 34 A.3d 243, 246 (Pa. Cmwlth. 2011) (*en banc*), *reversed in part on other issue*, 65 A.3d 361 (Pa. 2013); *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473, 477, 480 (Pa. Cmwlth. 2010). Thus, if it were held that OOR has no power to order *in camera* review *sua sponte*, OOR would be forced, in situations where no party makes a request, to either hold an unnecessary hearing or default on its obligation to develop an adequate record, requiring the courts to

17

conduct additional fact-finding or remand to OOR for *in camera* review. The only effect would be to require unnecessary delay and inefficiency in the review and appeals process with no actual difference in whether *in camera* review is conducted.[15]

We also find legally deficient the County's challenge in Count II to OOR's policy permitting its personnel other than appeals officers, including the OOR Executive Director, Deputy Director and staff counsel, to review records submitted for *in camera* review.[16]

The County first asserts that this policy violates the legislative scheme of the RTKL, which the County alleges confers exclusive responsibility on appeals officers to perform that role. Under the RTKL, OOR appeals officers are responsible for adjudicating appeals from local and Commonwealth agency denials of records requests, conducting hearings, making evidentiary rulings and issuing final

---

[15] We do not hold that the absence of a request by any party for *in camera* review or the opposition of both parties cannot be a factor in determining whether *in camera* review is appropriate under the facts of a particular case. Count II of the County's petition for review asserts only an absolute bar, regardless of the facts concerning the privilege or exemption claim and regardless of the need for or appropriateness of *in camera* review. Moreover, declaratory relief would not be a proper method of raising a claim of error in a specific case. Rather, an agency can raise claims that OOR abused its discretion in ordering *in camera* review in a specific case by refusing to produce the documents and opposing a petition by OOR to enforce its order to produce the records for *in camera* inspection. *See Center Township*, 95 A.3d at 357; *Office of Open Records v. Pennsylvania State Police*, 146 A.3d at 815-16.

[16] The County alleges that OOR has published two documents on its website that state which OOR personnel would have access to records submitted for *in camera* review: the "Interim Guidelines," which states that only appeals officers, staff counsel and the Executive Director may review *in camera* records, and the "Procedural Guidelines," which provides that access to records submitted *in camera* is limited to appeals officers, staff counsel, the Executive Director and the Deputy Director. (Petition for Review ¶52.) In ALDEA's appeal from the County's partial denial of its request, the appeals officer issued an order stating that only the appeals officer, staff counsel and the Executive Director would be permitted access to the documents that the County submitted for *in camera* review. (C.R. Item 9.)

18

determinations. 65 P.S. § 67.1102(a) (setting forth appeals officer duties to request evidence from the requester and agency, rule on procedural matters, hold hearings, make evidentiary rulings and issue final determinations on behalf of OOR); *see also* Section 1310(a)(5)(ii) of the RTKL, 65 P.S. § 67.1310(a)(5)(ii) (stating that appeals officers shall hold hearings as necessary to ensure the remedies provided for under the RTKL). The RTKL imposes the requirement that an appeals officer must be an attorney and must complete an OOR training course prior to serving in the role. 65 P.S. § 67.1310(a)(5), (d).

The RTKL, however, does not envision that appeals officers operate in a vacuum. In particular, the RTKL provides that the Executive Director of OOR shall have broad authority and responsibility in the oversight of the agency. Pursuant to the RTKL, the Executive Director "shall ensure that the duties of [OOR] are carried out and shall monitor cases appealed to [OOR]." 65 P.S. § 67.1310(e). In *Arneson v. Wolf*, 117 A.3d 374 (Pa. Cmwlth.) (*en banc*), *aff'd*, 124 A.3d 1225 (Pa. 2015), this Court examined the structurally and functionally independent role of OOR and the Executive Director within the executive branch, ruling that the Executive Director is insulated from removal by the Governor during his six-year statutory term except for cause. In particular, we explained that while the Executive Director is vested with administrative responsibilities as head of OOR, these functions are incidental to the Executive Director's core statutory obligation to directly supervise and oversee OOR's unique "quasi-judicial duty" in adjudicating disputes arising under the RTKL concerning access to agency records. *Id*. at 387. We concluded that "the Executive Director has the responsibility and power to exercise a quasi-judicial duty," and "the Executive Director is part and parcel of the OOR's quasi-judicial mandate." *Id*.

19

In addition, the RTKL provides that OOR may appoint additional staff to fulfill the statutory duties of the RTKL. The RTKL states that the Executive Director "shall appoint … additional clerical, technical and professional staff as may be appropriate and may contract for additional services as necessary for the performance of the executive director's duties." 65 P.S. § 67.1310(d). The RTKL also specifically sets forth among the duties of appeals officers to "[c]onsult with agency counsel as appropriate" to further their role in resolving RTKL disputes. 65 P.S. § 67.1102(a)(3).

Thus, the RTKL not only provides that the Executive Director shall directly oversee the adjudicative role fulfilled by OOR appeals officers, but the Executive Director also has authority to appoint other staff members "as appropriate" to meet the statutory obligations of the RTKL, and the RTKL explicitly foresees that OOR appeals officers will consult with agency counsel in the furtherance of their role in adjudicating RTKL appeals. Accordingly, it is evident that the RTKL sets forth a legislative scheme allowing for the close supervision of the appeals officers' handling of their cases by the Executive Director and the support of other staff to assist the appeals officers in the completion of their duties, including counsel that can provide advice on legal matters when necessary and appropriate. The County's interpretation of the RTKL as isolating appeals officers from other OOR personnel in their role in adjudicating RTKL disputes and not letting them consult with agency counsel or the Executive Director is contrary to the RTKL and our decision in *Arneson*. While the RTKL does not specifically state that the Executive Director, staff counsel or other OOR employees may review *in camera* records, an agency is not foreclosed from taking any action that is not specifically authorized by the text of a statute. "[A]n administrative agency is vested with the

20

implied authority necessary to the effectuation of its express mandates, because the Legislature cannot foresee all the problems incidental to the agency's carrying out its duties and responsibilities." *Center Township*, 95 A.3d at 369 (quoting *Sewer Authority of the City of Scranton v. Pennsylvania Infrastructure Investment Authority,* 81 A.3d 1031, 1039 (Pa. Cmwlth. 2013)).

The County's argument that OOR's *in camera* review policies intrude upon the Supreme Court's exclusive authority to regulate the practice of law under Article V, Section 10(c) of the Pennsylvania Constitution also fails. *See* Pa. Const. art V, §10(c) ("The Supreme Court shall have the power to prescribe general rules … for admission to the bar and to practice law."). In *Center Township*, we held that OOR's *in camera* review of records claimed to be privileged does not infringe upon Article V, Section 10(c). In that decision, we rejected the argument by a local agency that the Supreme Court's exclusive authority to regulate the practice of law deprives OOR of subject matter jurisdiction from rendering decisions with respect to whether a document submitted for *in camera* review is protected by the attorney-client privilege, attorney work product doctrine or Rule of Professional Conduct 1.6(a), which prohibits a lawyer from disclosing confidential information regarding the representation of a client without the client's informed consent. 95 A.3d at 363-65. While recognizing that it would be error for OOR to order the production of records that are protected from disclosure by an applicable privilege or Rule 1.6(a), we concluded that "when the OOR exercises subject matter jurisdiction and determines whether a request is covered by the attorney-client privilege, the work product doctrine, or the ethics-based rule of confidentiality, the OOR does not infringe upon the Supreme Court's authority under Article V, Section 10(c)." *Id*. at 365; *see also Pennsylvania Public Utility Commission v. Sunrise Energy, LLC*, 177 A.3d 438, 447

21

(Pa. Cmwlth. 2018) (OOR ruling that agency records were not protected by the attorney work product doctrine did not infringe upon the Supreme Court's exclusive authority to regulate the practice of law).

The County has not alleged how the potential review of *in camera* records by non-attorney OOR personnel such as the Executive Director would be contrary to the Supreme Court's exercise of its authority to regulate the practice of law or the conduct of attorneys or would potentially infringe on the High Court's authority. While the RTKL provides that the Executive Director may supervise the adjudicative function of the OOR and may appoint other staff, including other attorneys, to assist appeals officers in the completion of their duties, nowhere in the RTKL does it provide that the opinion of non-attorney OOR personnel will supersede that of an appeals officer regarding a determination of privilege.[17]

Because the claims asserted in Count II fail as a matter of law, we sustain OOR's demurrer to Count II. The only remaining claim in the petition for review following the dismissal of Counts I and II is Count III. In Count III, the County requests that this Court exercise ancillary jurisdiction pursuant to Section

---

[17] The County also alleges that the *in camera* review of documents protected by the attorney-client privilege would result in the waiver of the privilege through the disclosure of the documents to non-attorney OOR personnel. It is well-established that once attorney-client communications are disclosed to third parties, the attorney-client privilege that attaches to those communications is waived. *Bagwell v. Pennsylvania Department of Education*, 103 A.3d 409, 417 (Pa. Cmwlth. 2014) (*en banc*). However, the disclosure must be voluntary for waiver to apply. *Id*. at 418. In this case, disclosure was compelled by an OOR order, (C.R. Item 9), and this Court has recognized that OOR possesses the authority to request that agencies submit potentially privileged documents for *in camera* review so that OOR can weigh the privilege claim. *See UnitedHealthcare*, 187 A.3d at 1060; *Center Township*, 95 A.3d at 369-71 (granting OOR's petition to enforce an order directing production of records for *in camera* review). The County cites no legal authority for its argument that review of privileged documents by non-attorney personnel of a tribunal following the compelled disclosure of the documents for *in camera* review would result in waiver of the privilege, and we discern no support for this novel contention.

22

761(c) of the Judicial Code over the County's appeal from OOR's determination in the Final Determination that The County Code does not preempt the applicability of the RTKL with respect to ALDEA's request to the County for records related to the BCRC facility. Pursuant to Section 761(c), ancillary jurisdiction is proper "over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa. C.S. § 761(c). Because we have dismissed Counts I and II, however, we now lack original jurisdiction claims to which Count III could be ancillary. As Count III was filed in this Court, but we lack jurisdiction to dispose of this claim, Count III must be transferred to "the proper court of this Commonwealth," the Court of Common Pleas of Berks County, where that court may hear the County's appeal of the OOR Final Determination in conjunction with ALDEA's previously filed appeal. Pa. R.A.P. 751(a); *see also* 42 Pa. C.S. § 5103(a).

Accordingly, we sustain OOR's first preliminary objection to Count I of the petition for review for failure to exhaust a statutory remedy and OOR's second preliminary objection to Count II in the nature of a demurrer. Counts I and II are dismissed. Because both of the original jurisdiction claims are dismissed from this action, we may not assert ancillary jurisdiction over Count III under Section 761(c) of the Judicial Code and therefore we sustain ALDEA's first preliminary objection asserting a lack of jurisdiction over Count III. Count III is transferred to the Court of Common Pleas of Berks County.

_____
JAMES GARDNER COLINS, Senior Judge

23

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Berks,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              :   No. 170 M.D. 2018
                                          :
Pennsylvania Office of Open               :
Records and ALDEA - The                   :
People's Justice Center,                  :
                                          :
                    Respondents           :


# **O R D E R**


AND NOW, this 3rd day of January, 2019, the first and second preliminary objections of Respondent Office of Open Records (OOR) are SUSTAINED, and Counts I and II of the petition for review filed by Petitioner County of Berks are DISMISSED. Count III of the petition for review is hereby TRANSFERRED to the Court of Common Pleas of Berks County to be heard in conjunction with the appeal of Respondent ALDEA – The People's Justice Center from the February 9, 2018 OOR Final Determination.

Jurisdiction relinquished.


_____
JAMES GARDNER COLINS, Senior Judge