# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin S. Mines; Lonnie Wright; James : 
Brown; Charles Sheppard; Kevin Evans; : 
Brian Thompson; Thomas Davis; and Joel : 
Muir, and Similarly Situated Members, : 
                             Petitioners : 
                                             : 
                     v. :        No. 102 M.D. 2022
                                             :        SUBMITTED: May 19, 2023

Honorable, Tom Wolf, Governor; : 
Honorable, Josh Shapiro, Attorney General; : 
Theodore W. Johnson, Secretary Parole : 
Board; George M. Little, Secretary PA : 
Department of Corrections; Jaime Sorber, : 
Superintendent of SCI Phoenix; Kim Nixon, : 
Inmate Records Supervisor, SCI Phoenix, : 
                           Respondents : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: September 8, 2023**

Before the Court in our original jurisdiction are the preliminary objections of Respondents Tom Wolf, Josh Shapiro, Theodore W. Johnson, George M. Little, Jaime Sorber, and Kim Nixon, to the second amended petition for review (petition) filed *pro se* by Petitioners Kevin S. Mines, Lonnie Wright, James Brown, Charles Sheppard, Kevin Evans, Brian Thompson, Thomas Davis, and Joel Muir, all of whom are inmates currently incarcerated at the State Correctional Institution at

Phoenix.  Petitioners, purportedly on behalf of themselves and all others similarly situated, seek declaratory and injunctive relief with respect to their sentences of life imprisonment without parole (LWOP).  For the reasons that follow, we sustain Respondents' preliminary objections and dismiss the petition.

The pertinent facts as asserted in the petition are as follows.  Petitioners have each been convicted and sentenced to LWOP for the crime of murder.[1]  Pet. ¶¶ 29-36.  Their convictions were obtained decades ago and, as of the filing of the petition, they have served between 13 and 43 years.  Pet. ¶¶ 20, 29-36.  Notwithstanding their sentences of LWOP, each Petitioner submitted a parole application to the Pennsylvania Parole Board.  Pet. ¶¶ 22, 15-16, Ex. A-1.  The Board's individual correspondence to Petitioners denying their applications all contain the following language: "Upon review of your application for parole and the Department of Corrections['] records of your sentencing, it appears that you are serving a life sentence and are therefore not eligible for parole consideration based upon [Section 6137(a) of the Prisons and Parole Code (Code),] 61 Pa.C.S. § 6137(a)."  Pet. Ex. B; *see also* Pet. ¶¶ 16, 47(a).  That section of the Code provides, in pertinent part, that "[t]he [B]oard may parole . . . any offender to whom the power to parole is granted to the [B]oard by this chapter, *except an offender condemned to death or serving life imprisonment*[.]"  61 Pa.C.S. § 6137(a) (emphasis added).

Petitioners subsequently filed the petition in which they assert several state and federal constitutional claims, including that their sentences of LWOP

---

[1] While it appears that each of the Petitioners was an adult when he was arrested, it is not apparent from the petition, or the documents attached thereto, the degree of murder charge for which each Petitioner was convicted and sentenced.  *See* Section 1102 of the Crimes Code, 18 Pa.C.S. § 1102 (outlining sentencing for crimes of first, second, and third degree murder).  Notably, the penalty for both first degree murder and second degree murder is "a term of life imprisonment."  18 Pa.C.S. § 1102(a)-(b).

violate their equal protection[2] and due process rights,[3] are grossly disproportionate to any penological interest being served and constitute cruel and unusual punishment,[4] and that they are unlawfully being subjected to an ex post facto law.[5] Petitioners further claim that the above-quoted "boilerplate response" they received from the Board denying their parole applications violates their equal protection and due process rights and that the process they received before the Board was arbitrary and capricious. Pet. ¶¶ 16, 47(a), 47(c), 54, 94. Finally, Petitioners maintain that they are being improperly incarcerated without a valid and authentic commitment form or sentencing order.

By way of relief, Petitioners seek declarations from this Court that LWOP is unconstitutional under both the Pennsylvania and United States

---

[2] The Equal Protection Clause of the United States Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Article 1, section 26 of the Pennsylvania Constitution states that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.

[3] The Due Process Clause of the United States Constitution provides that "[n]o State . . . shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Article I, section 9 of the Pennsylvania Constitution states, in relevant part, that "the accused . . . cannot . . . be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land." Pa. Const. art. I, § 9.

[4] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Article I, section 13 of the Pennsylvania Constitution is nearly identical, stating: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. art. I, § 13.

[5] The Ex Post Facto Clauses of the United States and Pennsylvania Constitutions are nearly identical, and both prohibit states from enacting laws "which, by retroactive operation, increase the punishment for a crime after its commission." *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1235 (Pa. Cmwlth. 2021) [citing *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001)]. *See* U.S. Const. art. I, § 9; Pa. Const. art. I, § 17.

Constitutions as it essentially "means condemning people to die in prison," and that their continued incarceration serves no legitimate penological interest. Pet. ¶¶ 3, 126. They also seek a determination that the "boilerplate responses" of the Board denying their applications for parole violate due process and equal protection, and they "request the right to parole eligibility review." Pet. ¶¶ 26, 126(j), 127. Finally, Petitioners ask that we order "Respondents to establish criteria for review of all murder cases, including a minimum number of years that must be served prior to consideration for parole," and that this Court conduct an evidentiary hearing regarding their LWOP sentences. Pet. ¶¶ 128-29.[6]

Respondents filed preliminary objections asserting[7] that Petitioners are essentially challenging the constitutionality of their sentences. As such, their claims sound in the nature of applications for post-conviction relief, over which this Court lacks jurisdiction. 42 Pa.C.S. § 761(a)(1)(i). In addition, Respondents argue that the petition should be dismissed, rather than transferred to common pleas, because *pro se* inmates cannot initiate a class action, Respondents are not proper parties, Petitioners failed to exhaust their statutory remedies under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and the petition fails to state a valid claim upon which relief can be granted (demurrer).

Of particular note, Petitioners argue in their brief in opposition that Respondents' preliminary objection for lack of jurisdiction "is based on a fundamental mischaracterization of the nature of" their petition and the claims

---

[6] Notwithstanding the averments in the petition and the requested relief, Petitioners admit that they "have no cognizable right to take an appeal from an initial denial of an application for parole." Inmates' Br. at 15.

[7] We have reordered Respondents' objections for ease of discussion.

asserted therein. Inmates' Br. at 4.[8] Petitioners attempt to backtrack or reframe their claims, maintaining that the petition should not be interpreted as a writ of habeas corpus or a PCRA petition. Petitioners repeatedly assert that they are *not* challenging the legality or constitutionality of their sentences; rather, they are challenging the "boilerplate" determinations of the Board denying them any meaningful opportunity of review for parole and "the Department of Corrections['] denial of constitutional rights." *Id.* at 3-4, 6-7, 16. In addition, Petitioners argue that they pleaded sufficient facts to meet all the prerequisites for a class action.

> Before turning to Respondents' arguments, we note that
>
> [w]hen reviewing preliminary objections to a petition for review in our original jurisdiction, this Court must treat as true all well-pleaded, material and relevant facts together with any reasonable inference[s] that can be drawn from those facts. Courts, however, are not required to accept as true conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative allegations. In ruling on a preliminary objection in the nature of a demurrer, the objection is properly sustained where, based on the facts averred, the law says with certainty that no recovery is possible; if doubt exists, then it should be resolved in favor of overruling the objection.

*Cnty. of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019) (citations omitted). Further, "'courts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a] complaint, but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019).

---

[8] Because Inmates' brief is not paginated, references to it throughout this opinion will use electronic pagination.

As a threshold matter, we first address Respondents' objection for lack of jurisdiction. Respondents point to Section 761(a)(1)(i) of the Judicial Code, which states:

> (a) General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, *except:*
> >
> > > (i) *actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief* not ancillary to proceedings within the appellate jurisdiction of the court[.]

42 Pa.C.S. § 761(a)(1)(i) (emphasis added). The PCRA squarely commits jurisdiction to the courts of common pleas over "action[s] by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Moreover, the PCRA is "*the sole means* of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist[ed] when [the PCRA took] effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542 (emphasis added).

While "Petitioners contend that they are not attacking their sentences, their argument is belied by the [p]etition itself." *Scott v. Pa. Bd. of Prob. & Parole*, 256 A.3d 483, 491 (Pa. Cmwlth. 2021) (*Scott I*), *aff'd*, 284 A.3d 178, 189 (Pa. 2022) (*Scott II*) (noting "[m]isdesignation does not preclude a court from deducing the proper nature of a pleading"). The petition is rife with assertions that Petitioners' sentences of LWOP are unconstitutional, e.g., that LWOP constitutes cruel and unusual punishment as it "means condemning people to die in prison," albeit by "silent, [] torturous execution," Pet. ¶¶ 3, 97; that those serving LWOP sentences

6

have been deprived of "life and liberty under color of state law" without "fair warning," Pet. ¶ 47(d); that the Board's parole application process and policies are "misleading, ambiguous, and unconstitutional," Pet. ¶ 47(f); that "[t]here is no legitimate penological interest for keeping Petitioners incarcerated for the duration of their natural li[ves]," Pet. ¶ 53; and that the refusal to provide Petitioners with any meaningful opportunity for parole eligibility has denied them due process and equal protection under the law, Pet. ¶¶ 57, 60, 72, 74, 80, 84, 87. This Court has repeatedly held that similar arguments constitute collateral attacks on criminal sentences and therefore sound in the nature of PCRA petitions. *See Scott I*, 256 A.3d at 495 (sustaining preliminary objection for lack of jurisdiction because petitioner's claim that his LWOP sentence constitutes cruel and unusual punishment in actuality seeks post-conviction relief); *Freeman v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 238 M.D. 2021, filed December 7, 2022), slip op. at 10-12 (holding same);[9] *see also Henry v. Wolf*, 256 A.3d 48, 52-53 (Pa. Cmwlth. 2021) (constitutional challenge to LWOP sentencing statute for failure to provide adequate notice must be brought under the PCRA); *Davenport v. Pa. Gen. Assembly* (Pa. Cmwlth., No. 244 M.D. 2019, filed September 22, 2021), slip op. at 7-8 (finding petitioner's challenges to Section 6137(a) of the Code, including as an ex post facto law, attacked the legality of his LWOP sentence and must be brought under the PCRA).

Moreover, Petitioners here also explicitly note the lack of discretion afforded in their sentencing, calling out the purported overuse of LWOP sentences in Pennsylvania and the "absence of any individualized assessment[.]" Pet. ¶ 108;

---

[9] Unreported panel decisions of this Court are cited herein for their persuasive value and not as binding precedent, pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

*see also* Pet. ¶¶ 102-06, 109-12. Such allegations directly refute Petitioners' claims that they are not challenging their sentences. Further, among Petitioners' requested relief is a declaration that LWOP is unconstitutional as applied to individuals sentenced based upon convictions for murder, and that such individuals should be eligible for meaningful parole review. The only way Petitioners can be eligible for parole is if their LWOP sentences are altered, which necessitates post-conviction relief.

In sum, based upon the claims raised and relief sought, we find that Petitioners are squarely challenging the constitutionality of their LWOP sentences and parole eligibility. *Scott I*, 256 A.3d at 492. Petitioners "may not collaterally attack their sentences by using a civil action in this Court seeking declaratory and injunctive relief." *Id.* at 492-93 [citing *Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011)]. Instead, Petitioners' proper recourse is to pursue post-conviction relief in accordance with the requirement of the PCRA.[10] Accordingly, we sustain Respondents' preliminary objection for lack of jurisdiction.

As noted in *Scott I*, Section 5103(a) of the Judicial Code provides that normally a court shall not dismiss an erroneously filed matter for lack of jurisdiction but shall transfer the case to the proper tribunal. 256 A.3d at 495 n.14 [citing 42 Pa.C.S. § 5103(a)]. Notwithstanding this general rule, we agree with Respondents that transfer would be inappropriate, and a waste of judicial resources, for the reasons noted in their remaining preliminary objections. First, Respondents are not proper parties to the action as it is the Commonwealth that participates in post-conviction proceedings. *Id.* [citing Rules 902(A) and 903(A)-(B) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 902(A), 903(A)-(B)]; *see also Freeman*, slip op.

---

[10] It is undisputed that the petition is not ancillary to a matter pending in our appellate jurisdiction. *See* Pet. ¶ 46(12); 42 Pa.C.S. § 761(a)(1)(i).

8

at 12 n.14; *Davenport*, slip op. at 9 n.14. Second, it is well established that *pro se* inmates may not initiate a class action lawsuit "in large part due to the fact that an individual without the proper level of legal education and experience is singularly ill-equipped to represent the interests of others in a court of law." *Rokita v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 182 M.D. 2020, filed November 20, 2020), slip op. at 7 n.7 [citing *Mobley v. Coleman*, 65 A.3d 1048, 1050 n.1 (Pa. Cmwlth. 2013)]. Third, PCRA petitions must be brought individually as they are docketed in the court of common pleas where the inmates were sentenced, "at the same term and number as the underlying conviction and sentence." Pa.R.Crim.P. 903(A). *See also Scott I*, 256 A.3d at 495 n.14. Here, Petitioners admit that they were sentenced in various courts of common pleas, specifically those of Philadelphia, Chester, Allegheny, and Montgomery Counties. Pet. ¶¶ 30-36. Therefore, any PCRA petitions must be individually filed by each Petitioner in his respective sentencing court.

For the foregoing reasons, and consistent with our analysis in *Scott I*, *Freeman*, and *Davenport*, we sustain Respondents' preliminary objection asserting lack of jurisdiction and dismiss the petition.[11]

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[11] Given our disposition, the following pending applications are all dismissed as moot: Petitioners' motion for certification of class action; Petitioners' motion to compel; Petitioners' motion for sanctions; Petitioners' motion to dismiss Respondents' brief; Petitioners' application for leave of court to present expert witness testimony; and applications to intervene as petitioners filed by inmates Tyrone Glenn, Samuel Major, Roy Robinson, Kenneth Holmes, Christopher Bocelli, and Roman P. Ellis.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Kevin S. Mines; Lonnie Wright; James : Brown; Charles Sheppard; Kevin Evans; : Brian Thompson; Thomas Davis; and Joel : Muir, and Similarly Situated Members, : Petitioners : : v. : : Honorable, Tom Wolf, Governor; : Honorable, Josh Shapiro, Attorney General; : Theodore W. Johnson, Secretary Parole : Board; George M. Little, Secretary PA : Department of Corrections; Jaime Sorber, : Superintendent of SCI Phoenix; Kim Nixon, : Inmate Records Supervisor, SCI Phoenix, : Respondents : | No. 102 M.D. 2022 |

## **O R D E R**

AND NOW, this 8th day of September, 2023, the preliminary objection filed by Respondents asserting lack of jurisdiction is SUSTAINED, and this matter is DISMISSED. The following pending applications are hereby DISMISSED as moot: Petitioners' motion for certification of class action; Petitioners' motion to compel; Petitioners' motion for sanctions; Petitioners' motion to dismiss Respondents' brief; Petitioners' application for leave of court to present expert witness testimony; and applications to intervene as petitioners filed by inmates Tyrone Glenn, Samuel Major, Roy Robinson, Kenneth Holmes, Christopher Bocelli, and Roman P. Ellis.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Kevin S. Mines; Lonnie Wright; James : 
Brown; Charles Sheppard; Kevin Evans; : 
Brian Thompson; Thomas Davis; and :   No. 102 M.D. 2022
Joel Muir, and Similarly Situated : 
Members, :   Submitted: May 19, 2023
             Petitioners : 
                          : 
             v. : 
                          : 
Honorable, Tom Wolf, Governor; : 
Honorable, Josh Shapiro, Attorney : 
General; Theodore W. Johnson, : 
Secretary Parole Board; George M. : 
Little, Secretary PA Department of : 
Corrections; Jaime Sorber, : 
Superintendent of SCI Phoenix; : 
Kim Nixon, Inmate Records : 
Supervisor, SCI Phoenix, : 
             Respondents : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

CONCURRING OPINION
BY JUDGE McCULLOUGH                       FILED: September 8, 2023

       Because the disposition of the Commonwealth's objection to our jurisdiction over Petitioners' claims is controlled by the Pennsylvania Supreme Court's decision in _Scott v. Pennsylvania Board of Probation and Parole_, 284 A.3d 178 (Pa. 2022) (_Scott II_), I am constrained to concur with the Majority's reasoning and holding. However, I write separately to note my ongoing disagreement with the notion that constitutional challenges to Section 6137(a) of the Prisons and Parole

Code,[1] on the ground that it unlawfully disqualifies from parole eligibility individuals serving life sentences, must be construed to require either habeas corpus relief or post-conviction relief under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546.[2]  As Senior Judge Leadbetter noted in her dissent in *Scott v. Pennsylvania Board of Probation and Parole*, 256 A.3d 483, 496 (Pa. Cmwlth. 2021) (*Scott I*) (Leadbetter, J., dissenting), these claims ought to be considered in the form in which they are presented and not as recharacterized by this Court.

Further, and as Justice Wecht noted in his dissenting opinion in *Scott II*, Petitioners' current ineligibility for parole comes not from the sentencing statute, 18 Pa. C.S. § 1102, but instead from Section 6137(a).  *Scott II*, 284 A.3d at 200 (Wecht, J., dissenting).  Our consideration of Petitioners' challenges to Section 6137(a) therefore would not potentially disrupt their underlying sentences and would not require affording either habeas corpus or post-conviction relief.

Thus, but for *Scott II*, I would overrule the Commonwealth's jurisdictional objection and permit the case to proceed to disposition on the merits of Petitioners' claims as they are pled.

_____
PATRICIA A. McCULLOUGH, Judge

---

[1]  61 Pa. C.S. § 6137(a).

[2]  Claims seeking habeas corpus or post-conviction relief that are not ancillary to proceedings within this Court's appellate jurisdiction are excluded from our original jurisdiction. *See* 42 Pa. C.S. § 761(a)(1)(i).